[No. 4510.    Decided March 28, 1903.]

Ed. Noland, *Respondent*, v. Great Northern Railway Company, *Appellant*.

RAILROADS — FIRES ALONG RIGHT OF WAY — EVIDENCE OF ORIGIN.

In an action to recover damages for fire set out by the passing engines of defendant, in which no particular engine is assigned as the direct cause of the injury, evidence that defendant's engines were in the habit of emitting sparks upon the right of way and that other fires had been caused thereby, was admissible

as a circumstance tending to show the origin of the fire, where that was a disputed question.

SAME — PLEADING AND PROOF — VARIANCE.

In an action for damages for fire caused by defendant's engine, evidence of the inflammable condition of the right of way was inadmissible, where there was no charge of negligence in the complaint as to the improper and careless maintenance of the right of way.

SAME — INSTRUCTIONS.

Where a complaint charged defendant's negligence as consisting of carelessness in operating its locomotives and in allowing fire to spread over its right of way and upon its lands, it was error for the court to charge the jury as to the duty on the part of defendant in the matter of providing engines with the best appliances for arresting sparks, of keeping such appliances in repair, and of keeping its right of way free from combustible materials.

Appeal from Superior Court, Snohomish County.—Hon. John C. Denney, Judge. Reversed.

*Burke, Shepard & McGilvra,* for appellant.

*Robert A. Hulbert,* for respondent.

The opinion of the court was delivered by

Dunbar, J.—This is an action to recover damages for destroying the plaintiff's house by fire. The pertinent parts of the complaint are as follows:

"That on or about the 23d day of August, 1901, as the trains were running upon said railroad track and passing plaintiff's said property and said tract of land, a spark of fire or sparks of fire were emitted from the locomotive propelling said train, through the utter carelessness and gross neglect of said defendant's agents and employees propelling said locomotive, and carelessly and negligently set fire upon its right of way and upon its said land, which fire so set spread over and upon said lands and premises and burned up and destroyed plaintiff's said house, together

with the furniture. . . . That said fire was caused by the neglect and carelessness of the defendant and its agents and employees in operating the locomotive belonging to the defendant and by the neglect and carelessness of the defendant and its agents and employees in allowing said fire to spread over the defendant's right of way and upon the plaintiff's property, and which burned and destroyed plaintiff's said house and property."

Judgment was rendered against the defendant for $450, the amount asked for in the complaint, from which judgment this appeal is taken.

It is assigned first that the court erred in admitting testimony that other trains at other times set other fires, and it is insisted that the pleadings do not put in issue the sufficiency of the spark arrester with which such engine was equipped, or its condition of repair, and that it is therefore improper to admit evidence that the same train or engine threw sparks at other times. It will be noted, however, that no specific engine is designated in the complaint. If such were the case, it would not be proper to admit evidence of fires by other trains at other times for the purpose of charging the train specified with setting the fire, for the reason that it is frequently impossible, in practice to trace the fire to a particular locomotive. The appellant insists that even then the testimony is inadmissible, in the absence of an issue in the pleadings as to the condition of the spark arrester or other machinery. But we think that even in the absence of such an issue, the fact that engines of the defendant were in the habit of emitting sparks upon the right of way might be admitted as a circumstance in the case tending to show the origin of the fire, which was a disputed question in this case.

Appellant's second contention is that the court erred in admitting evidence which did not correspond with any

allegation of the complaint, and instructing the jury upon points not presented by the issues framed by the pleadings. The witness Kendall was asked the following question: "What was the condition of its right of way along there prior to the setting of the fire?" This was objected to as immaterial. The objection was overruled, and exception taken. The answer was that it was pretty bad; that it was covered with brush, grass, and weeds that were all dry. This same question was repeated to several different witnesses, with the interposed objection that it was incompetent, irrelevant, and immaterial to the issues and pleadings in the case, and the testimony over the objection was that the right of way was covered with dry brush and rubbish. This testimony, we think, was erroneously admitted. It is elementary law that the evidence offered must correspond with the allegations in the pleadings. This rule is adopted for reasons so obvious that it is not necessary to discuss them. There is nothing in this complaint which would notify the defendant that it was called upon to defend against maintaining its right of way in an improper condition. The allegations of negligence are carelessness in operating the locomotive, and carelessness in allowing the fire to spread over the defendant's right of way and upon its property. In the absence of an allegation of negligence, no specific negligence can be presumed or proven. The instruction of the court in this regard, after setting forth the allegations of the complaint, was as follows:

"You are instructed that the negligence of the railway company whereby fire was communicated to the adjacent premises may consist, first, in not being provided with the best appliances to prevent unnecessary escape of fire from its locomotive; second, in not keeping such appliances in repair; third, in not keeping its right of way free from combustible materials; fourth, in operating its locomotive

as to unnecessarily scatter fire; fifth, in not arresting the spread of fire which has been set by its negliegnce or without its negligence upon its right of way. . . . The railway company is bound to exercise reasonable care and skill by the adoption of improved appliances to prevent the escape of fire or sparks; to use reasonable care and skill in operating and managing its locomotives while running; to use reasonable care in preventing the accumulation of combustible materials upon its right of way; to use reasonable care to arrest the spread of fires which have been communicated from its locomotive or which have been otherwise set upon its right of way; and use reasonable efforts to extinguish fires set by its locomotives or spreading from its right of way after such fires have reached the premises of others."

It will be observed that the court interjected into its instructions the discussion of three responsible duties on the part of the railway company, the omission of which had not been charged in the complaint, viz., the not providing their engines with the best appliances, not keeping such appliances in repair, and not keeping their right of way free from combustible materials. It is true, no doubt, as the court said, that the railway company is bound to exercise reasonable care and skill in the adoption of approved appliances and in keeping such appliances in repair, and preventing the accumulation of combustible materials upon its right of way. But it will be presumed, in the absence of an allegation to the contrary, that the company has exercised this reasonable care, and it certainly will not be called upon to establish the fact of reasonable care on its part when there is no allegation of a violation of that duty. The error in this respect is so palpable that we have not thought it necessary to discuss the many authorities cited on this subject.

The other errors alleged will probably not occur again

upon a retrial, but for the error of the court in the matter just discussed the judgment will be reversed, and a new trial ordered.

FULLERTON, C. J., and MOUNT, HADLEY and ANDERS, JJ., concur.