[No. 5748. Decided October 20, 1905.]

I. WICK, *Respondent,* v. TACOMA EASTERN RAILROAD COMPANY, *Appellant.*[1]

NEGLIGENCE—FIRES—DAMAGES FROM FIRE STARTED BY LOCOMOTIVE—ORIGIN OF FIRE—EVIDENCE—SUFFICIENCY. In an action for damages against a railroad company by reason of a fire, there is sufficient evidence to warrant the finding of the jury that the fire originated from the defendant's locomotives, where it appears with reasonable certainty that such a fire started some four days before on the west side of the track and was traced to the plaintiff's property, notwithstanding the evidence tended to show the existence of a number of other fires in the vicinity.

[1]Reported in 82 Pac. 711.

SAME—INTERVENING CAUSES AS DEFENSE—WIND—VERDICT—CONCLUSIVENESS. A railroad company cannot claim exemption, by reason of intervening causes, from liability for a fire originating from its locomotives, where the issue is determined against them by the jury, upon proper instructions.

SAME—INSTRUCTIONS—REVIEW. In an action against a railroad company for damages for a fire originating from its locomotives, it is not prejudicial error to instruct the jury as to the duty of the company to exercise reasonable care to arrest the spread of fires so originating, "or which have been otherwise set upon its right of way," where the jury are further instructed that they could not find for the plaintiff unless the fire originated from the defendant and that the defendant was guilty of negligence which proximately started the fire or permitted it to spread.

SAME—TITLE TO PROPERTY DESTROYED—INSTRUCTIONS—VERDICT. In an action against a railroad company to recover for wood destroyed by a fire which originated from the defendant's locomotives, error cannot be claimed in that the title to a portion of the wood was not in the plaintiff at the time of the fire, when the jury were instructed that the plaintiff could not recover for wood cut by a third person, if the title thereto did not pass to the plaintiff until it had been measured up, unless it had been measured at the time of the fire.

Appeal from a judgment of the superior court for Pierce county, Snell, J., entered March 7, 1905, upon the verdict of a jury rendered in favor of the plaintiff, after a trial on the merits, in an action to recover damages for property destroyed by fire started by defendant's locomotive. Affirmed.

*Shackleford & Hayden,* for appellant, to the point that there was not sufficient evidence to show the origin of the fire, cited: 13 Am. & Eng. Ency. Law (2d ed.), 531; *Brown v. Atlanta etc. R. Co.,* 19 S. C. 39; *Finkelston v. Chicago etc. R. Co.,* 94 Wis. 270, 68 N. W. 1005; *Baxter v. Great Northern R. Co.,* 73 Minn. 189, 75 N. W. 1114; *Brennan Lumber Co. v. Great Northern R. Co.,* 77 Minn. 360, 79 N. W. 1032; *Minneapolis Sash & Door Co. v. Great Northern R. Co.,* 83 Minn. 370, 86 N. W. 451; *Kansas Pac. R. Co. v. Butts,* 7 Kan. 308; *Montague v. Minneapolis etc. R. Co.,* 96 Wis. 633, 72 N. W. 41; *Lake Erie etc. R. Co. v.*

*Gossard,* 14 Ind. App. 244, 42 N. E. 818; *Louisville etc. R. Co. v. Mitchell,* 17 Ky. Law 977, 29 S. W. 860; *Denver etc. R. Co. v. DeGraff,* 2 Colo. App. 42, 29 Pac. 664; *Cook v. Minneapolis etc. R. Co.,* 98 Wis. 624, 74 N. W. 561, 67 Am. St. 830, 40 L. R. A. 457; *Union Pac. R. Co. v. Fickenscher* (Neb.), 100 N. W. 207; *Bates County Bank v. Missouri Pac. R. Co.,* 98 Mo. App. 330, 73 S. W. 286; *Stone v. Boston etc. R. Co.,* 171 Mass. 536, 51 N. E. 1, 41 L. R. A. 794; *Denver etc. R. Co. v. Morton,* 3 Colo. App. 155, 32 Pac. 345; *Peck v. Missouri Pac. R. Co.,* 31 Mo. App. 123; *Missouri Pac. R. Co. v. Cullers,* 81 Tex. 382, 17 S. W. 19, 13 L. R. A. 542; 3 Elliott, Railroads, § 1243. The intervening causes of back fires, winds, etc., preclude a recovery. *Megow v. Chicago etc. R. Co.,* 86 Wis. 466, 56 N. W. 1099; *Marvin v. Chicago etc. R. Co.,* 79 Wis. 140, 47 N. W. 1123, 11 L. R. A. 506; *Pennsylvania Company v. Whitlock,* 99 Ind. 16, 50 Am. Rep. 71; 13 Am. & Eng. Ency. Law (2d ed.), 456-459; *Toledo etc. R. Co. v. Muthersbaugh,* 71 Ill. 572; Elliott, Railroads, § 1231; *Doggett v. Richmond etc. R. Co.,* 78 N. C. 305.

*Boyle & Warburton,* for respondent, cited: 13 Am. & Eng. Ency. Law (2d ed.), pages, 442, 443, 457, 465, 498, 502, 503; *Noland v. Great Northern R. Co.,* 31 Wash. 430, 71. Pac. 1098.

RUDKIN, J.—This action was brought to recover damages for the destruction of personal property by fire. The complaint contained the following allegations of negligence on the part of the defendant: Negligence in failing to provide proper spark arresters for its locomotives; negligence in suffering combustible material to accumulate on its right of way; and negligence in suffering fire to spread from its right of way to the adjoining lands of plaintiff, whereby his property was destroyed. From a judgment in favor of the plaintiff, the defendant has appealed.

The first assignment of error is that the respondent wholly failed to prove the origin of the fire that destroyed his property, and therefore the court should have directed a judgment in favor of appellant. The court instructed the jury, that negligence could not be presumed; that they should not find for the respondent on mere surmise or on speculative grounds; that mere suspicion that the fire which caused the damage originated from the appellant's locomotives was not enough, and that it must be proved as a fact, disregarding surmises and guesses. Under these instructions the jury returned a verdict in favor of the respondent, and the trial court refused to set that verdict aside. We agree with counsel for appellant that, in cases such as this, the origin of the fire must be established by reasonable affirmative evidence and to a reasonable certainty, but under this rule we would not be warranted in interfering with the verdict in this case. While the testimony tended to show the existence of a number of fires in the vicinity of the respondent's property on the day of its destruction, yet we think the destruction of the property was traced with reasonable certainty to a fire started on the west side of the track some four days before, and that such fire originated from a locomotive on the appellant's road.

The next contention is that there were intervening causes which exempted appellant from liability, assuming that it was negligent in the first instance. In so far as other fires are relied upon as intervening causes, they have been eliminated from the case by the verdict of the jury, under competent testimony. In so far as the wind was relied upon as an intervening cause, we doubt if any such wind was shown to exist on the day in question as would constitute an intervening cause, within the rule contended for by counsel. But, in any event, that question was submitted to the jury under proper instructions, and their verdict is binding upon this court. The motion for a nonsuit was properly denied.

The next error assigned is to the following instruction:

"It is also the duty of the defendant company to use reasonable care to arrest the spread of fires which have been communicated from its locomotives *or which have been otherwise set upon its right of way,* and to use reasonable efforts to extinguish fires set by its locomotives or spread from its right of way *after such fires have reached the premises of others.*"

The appellant contends that the italicized portion of the above instruction would warrant a recovery against it for failure to extinguish fires on its right of way, regardless of the source or origin of the fire. If this instruction stood alone, there would be force in the appellant's contention. But the court further instructed the jury as follows:

"You will not find for plaintiff unless you find that the fire which burned Mr. Wick's property, if any, originated from the defendant, and that the defendant was guilty of some negligence which proximately started the fire or permitted it to spread."

Taking these two instructions together, we do not think that the jury could have been misled. Taking the instructions as a whole, they were favorable to the appellant throughout, and no error can be predicated thereon.

The last assignment is that the title to a portion of the wood destroyed was not in the respondent at the time of its destruction. The court instructed the jury as follows:

"You are further instructed that, if you find that the title to the wood cut by Brown at his place under the contract did not pass to Wick until it had been measured up, the plaintiff cannot recover, therefore, for any wood cut by Mr. Brown or by Brown's men, unless such wood had been measured at the time of the fire."

There is nothing in the record to indicate that the jury did not follow this instruction. In fact, the contrary fairly appears.

Finding no error in the record, the judgment is affirmed.

MOUNT, C. J., DUNBAR, ROOT, CROW, HADLEY, and FULLERTON, JJ., concur.