[No. 9239. Department One. April 17, 1911.]

## K. J. H. ASPLUND, *Respondent*, v. GREAT NORTHERN RAILWAY COMPANY, *Appellant*.[1]

RAILROADS—FIRES—NEGLIGENCE—EVIDENCE—QUESTION FOR JURY. Whether a pile of cordwood, 135 feet distant from defendant's railroad tracks, was burned by a fire set by a defective or negligently operated locomotive, is for the jury, where there was evidence that the fire started in the early morning, that no fire was discernible in the vicinity as late as 10 o'clock the evening before, that defendant's locomotive passed at 3:15 in the morning, that sparks of sufficient size frequently escaped from the defendant's engines and were thrown considerable distances, and that fires therefrom were a common occurrence during the dry season; notwithstanding that negligence was rebutted by evidence as to the condition and operation of the engine which presumably caused the fire.

SAME—EVIDENCE OF OTHER FIRES—ADMISSIBILITY. Evidence of other fires set out by other engines at other times is admissible, as tending to show negligence by a fire set by a particular engine; where the emission of sparks and setting of fires was a matter of frequent occurrence.

APPEAL—RECORD—INSTRUCTIONS. Error cannot be predicated upon the instructions to the jury, where they are not set out in the record.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered July 11, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action to recover damages for loss of property destroyed by fire. Affirmed.

*F. V. Brown* and *Frederic G. Dorety*, for appellant.

*McBurney & Cummings, H. McC. Billingsley*, and *C. C. Cutler*, for respondent.

FULLERTON, J.—The respondent brought this action against the appellant to recover the value of certain wood destroyed by fire on May 7, 1909. He alleged that the fire escaped from one of the appellant's engines because of the defective condition of the engine and the careless and

[1]Reported in 114 Pac. 1043.

negligent manner in which it was operated.    There was a
recovery in the court below, and the railroad company has
appealed.

The evidence of the respondent tended to show that the
wood burned consisted of some 396 cords, which was piled in a
compact pile about 135 feet distant from appellant's rail-
way tracks.    The country surrounding the wood pile was com-
paratively level, with a slight upgrade towards the north.
The roadbed of the appellant was somewhat elevated at this
place, its height above the natural level of the surrounding
country being variously estimated by the witnesses to be from
seven to fourteen feet.    The fire occurred in the early morn-
ing of the day.    It was first seen by the engineer of one of the
appellant's trains which passed the place at about 4:24
o'clock on the morning of May 7th.    At about 5 o'clock it
was discovered by two of the respondent's neighbors, who
testify that at that time a considerable part of the pile had
been consumed.    The owner discovered the fire between 7 and
8 o'clock in the morning, at which time the wood was prac-
tically all burned.    It was testified, by persons living in the
vicinity of the place of the fire, that no fire was discernible in
the neighborhood of the wood pile as late at 10 o'clock p. m.
of the day before the fire, and the engineer of one of the trains
of the appellant which passed the place at about 3:15 o'clock
on the morning of the fire testified that he saw no fire or any-
thing unusual in the neighborhood at that hour.    It was
also testified that sparks of sufficient size to cause a fire fre-
quently escaped from the appellant's engines, and were thrown
for considerable distances from its tracks; that, but a few
months before the fire occurred in the respondent's wood pile,
fire escaping from a freight engine operated by the appellant
had burned a haystack of a neighbor of the respondent, the
stack being 183 feet distant from the track; that about five
days prior to the fire another wood pile of the respondent's
had been burned by fire, escaping from one of the appellant's
engines, and several witnesses testified to the fact that, during

the dry season of the year, it was a common occurrence for appellant's engines to start fires in the inflammable debris lying on and alongside of its right of way.

The foregoing is an epitome of substantially all of the evidence tending to show the cause and origin of the fire. It is the appellant's contention that it fails to make a case for the jury, for two reasons; first, it does not show that the fire which burned the wood escaped from any of the appellant's engines; and, second, that if by any inference it can be said that it could have escaped therefrom, that it fails to show that the escape was because of any negligent act or omission on its part. But without following the somewhat extended argument of the appellant in detail, we are convinced that there was here sufficient evidence of the appellant's liability to require the submission of the question to the jury. The evidence showed that fire did repeatedly escape from the appellant's engines, and by the elimination of other sources from which the fire could have originated, it was made a reasonable inference that some one of the appellant's engines was the source of the fire. The fact, also, that fires repeatedly occurred from the engines, tended to show negligence either in their construction or operation. True, the appellant sought to overcome these proofs by showing that its engines were in good condition and were properly operated, particularly the engine passing at 3:15 in the morning, which presumably caused the fire, but this was only the rebuttal of evidence by evidence, which made a question for the jury and not one for the court.

It is contended that evidence of fires set by other engines was inadmissible, since it was shown that a particular engine caused the fire in question. But such is not the rule, nor was it so held in *Noland v. Great Northern R. Co.*, 31 Wash. 430, 71 Pac. 1098, cited and relied upon. In that case it was said, by way of illustration, that evidence of other fires by other trains at other times than the one in question was not admissible where a specific engine was designated in the complaint

as having caused the fire, but it was held proper to show the fact that the defendant's engines were in the habit of emitting sparks, in the absence of such an allegation. The case is authority for the rule followed by the trial court, therefore, rather than against it.

Objection is made to the instructions of the court, but the instructions as given by the court are not set out in the record; and we cannot, for that reason, review the questions argued. The judgment is affirmed.

DUNBAR, C. J., PARKER, and MOUNT, JJ., concur.