[No. 12843½.   Department Two.   February 2, 1916.]

PETER LARSEN *et al., Respondents,* v. STANDARD RAILWAY & TIMBER COMPANY *et al., Appellants.*[1]

FIRES—NEGLIGENCE — CAUSE OF FIRE — EVIDENCE — SUFFICIENCY— CONJECTURE.  A recovery for the loss of timber alleged to have been communicated from a railroad fire on defendants' lands cannot be sustained, where the year in which the fire occurred on plaintiffs' lands rests entirely in conjecture, and in the same year of the railroad fire, other fires, not traced to that fire, broke out in the district on lands other than the defendants', and the fire on defendants' lands was not traced to the plaintiffs' lands.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered December 16, 1914, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages to property destroyed by fire.   Reversed.

*J. A. Coleman* and *James M. Hogan,* for appellants.

*A. M. Wendell, Cooley & Horan,* and *R. Mulvihill,* for respondents.

BAUSMAN, J.—Action for damages, tried before a jury on a complaint alleging that a fire, negligently started in defendants' timber by one of their own locomotives, had caused another fire in that of plaintiffs. Defendants unsuccessfully challenged the sufficiency of the evidence, and now complain of the court's ruling upon that, as well as of certain instructions to the jury, which gave plaintiffs a verdict.

[1]Reported in 154 Pac. 790.

The challenge to the evidence should have been sustained. The fire on defendants' land occurred two years before this suit was brought, and not one person swears as to when the fire occurred on plaintiffs'. The most to that effect is that a fire had previously occurred there. But, when? Plaintiff himself was not on his lands, he admits, between 1908 and 1913. All he could state was that the scars of a fire, subsequently discovered on defendants' lands, pointed toward his own, which is the most that is testified to by anybody else. That a fire did occur on defendants' lands in May, 1912, is admitted, and had the burning on plaintiffs' been shown to be simultaneous or close upon that, then, under our rule in this class of cases, the concomitant events could have been submitted to the jury as affording reasonable ground of conjecture. *Northwestern Mut. Fire Ass'n v. Northern Pac. R. Co.*, 68 Wash. 292, 123 Pac. 468, Ann. Cas. 1913 E. 968; *Asplund v. Great Northern R. Co.*, 63 Wash. 164, 114 Pac. 1043; *North Bend Lumber Co. v. Chicago, Milwaukee & Puget Sound R. Co.*, 76 Wash. 232, 135 Pac. 1017.

While that rule permits a degree of conjecture, it cannot be carried to all limits. It should not be extended to the vague situation here, where no one so much as fixes the year of plaintiffs' damage. Moreover, in May, 1912, other fires, not traced to the one started in the timber of defendants, broke out in that district on lands other than those of defendants. Nor did plaintiffs' land adjoin that of defendants. There was even testimony to show that defendants' fire could not have reached plaintiffs' tract, because there remains unburnt timber between. Summed up, the consequence alleged here lacks identity in date, connection in area, and exclusion of other causes. Conjecture was sought to be piled upon conjecture.

For the foregoing reasons, the judgment must be reversed and the cause remanded with instructions to dismiss.

MORRIS, C. J., MAIN, PARKER, and HOLCOMB, JJ., concur.