[No. 13271. Department Two. June 21, 1916.]

ANDREW McCANN AND WILLIAM McCANN, *by his Guardian etc., Respondents,* v. CHICAGO, MILWAUKEE & PUGET SOUND RAILWAY COMPANY *et al., Appellants.*[1]

RAILROADS—FIRES—NEGLIGENCE — EVIDENCE — QUESTION FOR JURY. In an action for damages for fire negligently communicated, a question for the jury was presented, though no testimony as to eye-witnesses of actual communication, where there was evidence of a fire on defendants' land, one arising on plaintiffs' land a few hours later, a strong wind from the former in the direction of the latter, and continuous scars of devastation between the two places, even though there was a possibility of communication from independent fires in the neighborhood.

RAILROADS—FIRES—INSTRUCTIONS. In an action for negligently communicating fire to plaintiffs' timber, a requested instruction for the jury to find for defendants, if they should find that plaintiffs' timber caught fire from other fires and was certain to be burned, though the two fires might have mingled before they reached plaintiffs' land, was properly refused, where the jury were instructed to take into account the other fires, and that the burden was on plaintiffs to trace defendants' fire to their own premises and show that their fire was caused by defendants' particular fire and none other.

APPEAL—REVIEW—HARMLESS ERROR—ADMISSION OF EVIDENCE. In an action for negligently communicating fire from defendants' to plaintiffs' premises, the admission of evidence that, just before the fire, the defendants took out burning permits, which were soon after revoked, was harmless, where it was in evidence that defendants did at the time start a fire on their lands.

EVIDENCE—RES GESTAE—ADMISSIBILITY. In an action against defendants for negligently communicating fire to plaintiffs' premises, evidence that simultaneously with the fire, one of the defendants stated: "I have got an awful fire—the fire got away from me," was admissible as part of the *res gestae,* whether or not defendant or his men had caused the fire, and whether or not they had tried to put it out.

Appeal from a judgment of the superior court for King county, Irwin, J., entered June 2, 1915, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages to property destroyed by fire. Affirmed.

[1]Reported in 158 Pac. 243.

*Geo. W. Korte* and *R. C. Saunders,* for appellants.

*Alexander & Bundy* and *Kerr & McCord,* for respondents.

BAUSMAN, J.—This is an action for damages to timber by fire negligently communicated from the premises of defendant railway company. A verdict for plaintiffs is complained of as contrary to the clear weight of the testimony, as influenced by erroneous instruction, and as founded on improper evidence.

That the fire could have come from other fires than the one started by defendants is possible, but in spite of an exceptionally lucid presentation of the evidence by appellants, we deem the lower court correct in not granting a new trial and setting aside the conclusions of the jury. The evidence is so voluminous that, except at great length, it would be to little purpose to analyze it here. It is sufficient to say that plaintiffs were entitled to go to the jury under *North Bend Lumber Co. v. Chicago, Milwaukee & P. S. R. Co.,* 76 Wash. 232, 135 Pac. 1017; *Northwestern Mut. Fire Ass'n v. Northern Pac. R. Co.,* 68 Wash. 292, 123 Pac. 468, Ann. Cas. 1913 E. 968, and *Asplund v. Great Northern R. Co.,* 63 Wash. 164, 114 Pac. 1043.

It is not necessary for plaintiff in these cases to produce eye witnesses of actual communication. It is enough that the fire on his land follow speedily, be traced with reasonable definiteness, and be due to defendants' fire and not to others. Far exceeding the insufficient proof in *Larsen v. Standard R. & Timber Co.,* 89 Wash. 447, 154 Pac. 790, plaintiffs show a fire on defendants' land early in the afternoon, one arising on their own land a few hours later, a strong wind from the former in the direction of the latter, and continuous scars of devastation, both directly and indirectly, between the two places. That the other fires might have come into this train of consequence is possible from the testimony, but just as possible that they did not. Here, then, was the province

of the jury. *Wick v. Tacoma Eastern R. Co.*, 40 Wash. 408, 82 Pac. 711.

The jury, we are satisfied, was properly instructed. Passing some minor complaints on this head, we may answer appellants' grievance in the lower court's rejecting a requested instruction that, if the jury should find plaintiffs' timber to have caught fire from the other fires and certain to be burned, though the two fires might have mingled before they reached plaintiffs' land, they must find for defendants. Now the instruction that the court did give was that the jury must take into account those other fires, and that plaintiffs could not recover if their loss was "because of the communication of such fires to it;" moreover, that the burden was on plaintiffs to trace defendants' fire to their own premises and to show that their fire "was caused by this particular fire *and none other*." This instruction we pronounce sufficient, and nothing in the *North Bend* case, *supra*, is to be construed as requiring more.

As to the evidence, it is complained that proof was wrongfully admitted that defendants, just before this fire, took out burning permits which were soon after revoked. This, we think, was relevant to show an intention to start the fire. But if it be not strictly relevant, it is harmless, since that defendants did at this time start a fire on their lands is conceded.

Next, it is said the court should not have permitted the statement of defendant Carlson to be quoted. What he is related to have said was, "Help me to get men. I have got an awful fire—the fire got away from me." These utterances, simultaneous with the fire, were clearly part of the *res gestae*, no matter whether Carlson or his men had or had not caused the fire, or whether he or his men had or had not tried to put it out.

Plaintiff McCann was permitted to give estimates of damage of timber without basing them on an inspection immediately before or immediately after the fire. Examining his

estimates and his explanation of them, we are satisfied that he sufficiently based his calculations for intelligent review by the court and jury.

We find a number of other points in appellants' assignments of error. They are, however, little pressed and, upon examination, we find them without merit.

Judgment affirmed.

MORRIS, C. J., MAIN, PARKER, and HOLCOMB, JJ., concur.