[No. 23444. Department Two. March 18, 1932.]

SVEND LARSON, *Respondent,* v. AXEL OLSON *et al.,* *Appellants.*[1]

[1]Reported in 9 P. (2d) 68.

254

*C. J. Henderson* and *Alfred McBee,* for appellants.

*Thomas Smith, James G. Smith,* and *Clarence J. Coleman,* for respondent.

MILLARD, J.—Plaintiff instituted this action to recover from Axel Olson and wife, and R. Bohn and wife for damages to his automobile and for personal injuries, sustained in an automobile accident. Plaintiff alleged that defendant R. Bohn negligently drove his truck from a private driveway upon the Pacific highway; that the automobile of defendants Olson, as a result of operation at an unlawful and dangerous rate of speed, and in a careless and negligent manner, collided with Bohn's truck, and then collided with plaintiff's automobile.

The challenge of defendants Olson, at the conclusion of plaintiff's case, to the legal sufficiency of the evidence to sustain a verdict against them, was sustained. Trial of the cause, as to the plaintiff and defendants Bohn, to a jury resulted in verdict in favor of the plaintiff. Motions for a new trial on behalf of defendants Bohn as to the plaintiff, and on behalf of the plaintiff as to defendants Olson, were granted. This appeal is prosecuted by the defendants Olson from the order granting a new trial as to them.

The motion for a new trial was granted upon the ground that

" . . . as to the issues between the plaintiff and defendants Olson sufficient evidence was produced by the plaintiff to warrant the submission of the issues to the jury; in all other respects, the motion for new trial is denied."

■ Appellants contend there was a total failure of proof of the only negligence charged, that of excessive speed, therefore the court erred in granting the motion for a new trial.

Not only did the respondent allege excessive speed but he also charged that the proximate cause of the accident was appellants' careless and negligent operation of their automobile. Whether the general allegation of negligence is sufficient, we need not decide. As the appellants did not object to the testimony in behalf of respondent that appellants' driver was not keeping a proper lookout, was not exercising proper control and that he had the opportunity to avoid the accident after the truck stopped on the paved portion of the highway, the pleading will be deemed amended to conform to the proof. *McGuirk v. Gazzam,* 150 Wash. 554, 274 Pac. 176.

■ Under the rule that, in order to sustain a nonsuit, it must appear as a matter of law that there is neither evidence nor reasonable inference therefrom which would have sustained a verdict in plaintiff's favor, the respondent is entitled to the benefit of all the evidence and all the inferences from the evidence in the case. *Jordan v. Spokane, Portland & Seattle R. Co.,* 109 Wash. 476, 186 Pac. 875. If there is evidence that, or evidence from which the jury could infer that, the appellants did not exercise proper care or their automobile would have avoided the truck and not have

collided with respondent's automobile, the judgment should be affirmed.

The facts are as follows: The accident occurred about four p. m. April 20, 1930, on the Pacific highway, about one-half mile south of Mount Vernon. The paved portion of the highway was twenty feet wide. Respondent's automobile was proceeding in a northerly direction on the highway. Appellants' automobile was traveling south on the highway. On the west side (appellants' right hand side) of the highway, sixteen feet west thereof, is a barn. Leading from the barn east to the highway, is a private driveway. When the driver of appellants' automobile was three or four hundred feet north of the barn, he saw defendant Bohn's truck standing by the barn. Bohn's truck was driven over the driveway on to the paved portion of the highway, stopping for a short space; it was then driven on to the pavement and it again stopped with two to four feet of the truck projecting over the paved portion of the highway. The testimony as to the distance of appellants' automobile from the truck when the latter finally stopped on the pavement, is in conflict. The distance varies from seventy feet down.

The appellants' automobile swerved slightly before it struck the truck, the bumper of which it sideswiped, and then came sliding with the rear end toward the east, traveling a distance of eighty-eight feet to the point where the rear end of the appellants' automobile collided with respondent's automobile. There was testimony that appellants' car was traveling at the rate of fifty-five miles an hour. There was no obstructing traffic on the highway at the time of the accident.

There is testimony that, when appellants' automobile was thirty to fifty feet from the truck and respondent's automobile was one hundred and forty or one hundred

and fifty feet south of the truck, the respondent, apprehending appellants' automobile might strike the truck, commenced to pull off of the highway on the east, or respondent's right hand side of the highway. The marks on the pavement indicate respondent left the pavement forty or fifty feet from where the automobile collided with the truck.

There is testimony from which the jury could infer that, when forty feet distant from the truck, appellants' automobile swerved slightly and then continued straight on toward the truck, which was then projecting over the pavement from two to four feet. If the automobile had continued to swerve, surely the driver would have had sufficient room, from sixteen to eighteen feet east of the truck with no obstructing traffic, to have gone around and avoided striking the truck. Had the driver of appellants' car, the jury were warranted in finding, kept a proper lookout, he would have seen the truck in time to avoid the collision. So, too, the jury would have been warranted in finding that, when forty feet distant from the truck, the driver had sufficient space to clear the truck if the driver had proper control of his automobile. In *Geitzenauer v. Johnson,* 161 Wash. 444, 297 Pac. 174, we held that the defendant, who was in the same position as the appellants in the case at bar, was negligent, although the action was dismissed because of the plaintiff's contributory negligence, which question is not presented by this appeal. We said:

"Appellant, being on the right, was the favored driver, but we think the testimony in this case clearly shows that it was appellant's car that ran into respondent's car. The testimony also clearly shows that there was no obstructing traffic, and that, while appellant was driving to the right of the center of the street, yet there was a clear space of some sixteen or seven-

teen feet between the front end of respondent's car and the curb, so that, had appellant given even the slightest look at the path over which she was traveling, she must have seen respondent's car and have had ample opportunity to avoid the collision. All that was necessary for her to do, was to swerve one foot to the right and she could have easily avoided all injury. Her own carelessness, in failing to look, and in failing to take advantage of the ample space left her in which to pass, precludes recovery by her.''

The case cited differs from the case at bar in that the defendant's car did not, after striking plaintiff's car, continue on and collide with a bystander or another car. If that had occurred, clearly such innocent third person would have been in the position of the respondent in the case at bar.

■ The assignment that the court erred in permitting the respondent to testify as to the speed of the appellants' car is without merit.

Respondent had operated automobiles for eight to ten years. He testified that he would judge the speed of another car

'' . . . coming towards me by the time it takes to eat up territory if it is coming way beyond, if it comes up to me in a hurry or if it takes a long time. Or, as I said, you see a car coming at a high rate of speed it is generally weaving and so on, shattering a little, than when it is coming slow.''

When respondent first saw the Bohn truck, he was three or four hundred feet away. He was about eighty feet from the truck when it stopped on the pavement; that the truck stopped four or five seconds at the edge of the pavement just prior to pulling thereon and stopping; that the appellants' car was thirty or forty feet from the truck at that time; and that he applied his brakes and pulled off the road.

Respondent knew the speed at which he was traveling. He knew the distance of the appellants' auto-

mobile from the truck. He estimated the time from when he first noticed the automobile and truck until the crash. It was simply a matter of computation, probably not absolutely accurate as to the number of feet traveled per second or miles per hour, but nevertheless it was testimony of one qualified to so testify. The weight of such testimony is for the jury.

The judgment is affirmed.

TOLMAN, C. J., BEALS, HOLCOMB, and MAIN, JJ., concur.

