JOHN FLANAGHAN and Another v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

June 10, 1896.

Nos. 9978—(127).

Railroad Company — Action for Fire Set by Locomotive — Instructions.

In an action brought to recover damages caused by a fire alleged to have resulted from the careless and negligent management and operation of one of defendant's locomotives, there being no direct evidence as to the origin of the fire, the court charged the jury that if, from the evidence, they found that the fire started near defendant's right of way soon after a certain train passed, and that there was no other fire in the vicinity except that in the

[1] Reported in 67 N. W. 794.

locomotive, and no other apparent cause for the breaking out of the fire, they would have the right to infer and find that it was set by the locomotive, but that they "would not be bound to so infer or find, if there is reasonable ground to believe that it may have been started in some other way." *Held* misleading and prejudicially erroneous.

Appeal by defendant from an order of the district court for Winona county, Gould, J., denying a motion for a new trial, after a verdict in favor of plaintiffs for $175.    Reversed.

*M. B. Webber*, for appellant.

*P. Fitzpatrick*, for respondents.

COLLINS, J.    This was a fire case, in which plaintiffs had a verdict.    It was alleged in the complaint, and claimed on the trial, that the fire in question was started by sparks and coals thrown from and scattered by one of defendant's locomotives while it was being carelessly and negligently operated along defendant's line of railway.    There was no direct evidence that the fire was started by sparks or coals scattered by the locomotive, but the circumstantial evidence tended to establish this, and was sufficient to warrant the jury in so finding.    There are several specifications of error, but we shall consider the third only.    This challenges the correctness of a part of an extremely long charge to the jury upon very simple issues.

The court, in this charge, after stating that the burden of proof was on plaintiffs to establish their assertion that the fire originated from defendant's locomotive, called attention to the testimony of several of plaintiffs' witnesses to the effect that, on the night of the fire, and shortly before it broke out in some rye stubble near the right of way, when what was known as the "Fast-Mail Train" passed by, they noticed that a large and unusual number of sparks and coals were escaping from the locomotive, and then used the following language:

"The most the court can do to assist you on this branch of the case is to say, and you are so instructed, that if you find, from the evidence, that the fire in question started in the field near the defendant's railroad track a few minutes after the fast mail came down through the plaintiff's farm at the time mentioned, and that there was no other fire than that of the engine in that vicinity at that time, and that there was no other apparent cause for the stubble taking fire, then you would have the right to infer and find the fact to be that the fire was

65 M.—8

set by defendant's engine, but you would not be bound to so infer or find if there is reasonable ground to believe that it may have been started in some other way."

This part of the charge was erroneous and misleading, and constituted prejudicial error, for which a new trial must be granted. The vice in it is found in the concluding expression or statement, which was that the jury would not be bound to infer or find, from the circumstantial evidence before adverted to by the court, that the fire started from the locomotive, if there was reasonable ground for believing that it might have started in some other way; or, to put the statement in a different form, the only way open to the jury to escape this inference or finding as to the origin of the fire was by concluding that there was reasonable ground for believing that it might have started in a different manner.

It was incumbent upon plaintiffs to show, to the satisfaction of the jury, and by a preponderance of evidence, that the fire originated with defendant's locomotive. Failing in this, they could not make out a case; and, until a case was made out on this essential point, defendant was not obliged to introduce any evidence whatever; and the necessity of maintaining a preponderance of evidence on this issue was upon plaintiffs all through the trial. To meet and overcome a case made by plaintiffs as to the origin of the fire, defendant was not compelled to show that it started from some other cause or in some other way than that claimed. It might rebut and destroy the plaintiffs' proofs in various ways other than by introducing evidence tending to account for the fire through some other agency than the locomotive. The defendant was not absolutely required to introduce evidence upon which could be based a reasonably grounded belief that the fire was started in some other way than by the locomotive, in order to have a finding in its favor on this particular point. The instruction was misleading and erroneous, in that the jury might easily have understood it as directing them to infer and find that the fire was set by the locomotive, if the evidence failed to satisfactorily account for its origin in some other way.

Order reversed.