# Watson *v.* Reed.

## *Action for Deceit.*

1. *Action for deceit; admissibility of evidence.*—In an action to recover damages for deceit, alleged to have been practiced by the defendant in the exchange of a horse to the plaintiff, where there is a disputed question of fact as to whether the contract of exchange was made with the plaintiff or with her husband individually, whom the plaintiff's evidence tended to show was acting as her agent, the fact that the defendant had made a proposition of settlement, is admissible in evidence as bearing upon such disputed question, and is not open to the objection that it was a proposition of compromise, which has not been effected or consummated.

2. *Same; charge to jury.*—In an action seeking to recover damages for deceit, alleged to have been practiced by the defendant in the exchange of a horse to the plaintiff, where the testimony for the plaintiff tended to show that the contract was partly verbal and partly written, and that the written agreement related only to the difference in supposed value of the horses exchanged, and was intended to secure the payment of this difference, but did not purport to set out the whole contract, a charge is properly refused which predicates the right of the defendant to a verdict upon the jury believing that the said written agreement introduced in evidence contained the whole contract between the parties.

3. *Same; same.*—In such a case, where there was evidence tending to show that the defendant practiced deceit in the exchange of the horse to the plaintiff, the general affirmative charge requested is properly refused.

[Watson v. Reed.]

4. *Same; same.*—In such a case, where there was a disputed ques-
tion of fact as to whether the contract of exchange was made
by the defendant with the plaintiff or with her husband in-
dividually, whom the evidence of the plaintiff tended to
show acted as her agent in the transaction, a charge which
instructs the jury that if they believe "from the evidence
that the defendant never traded, sold or exchanged horses
with the plaintiff, then they must find for the defendant,"
is properly refused as having a tendency to mislead the
jury; since it takes no account of the alleged agency of the
plaintiff's husband in conducting the negotiations with the
defendant.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This was an action of deceit, brought by the appellee
Virginia Reed against the appellant, Jack Watson; and
sought to recover damages for deceit in the sale of a
horse. The suit was originally commenced in a justice
of the peace court, and from a judgment rendered there-
in in favor of the defendant an appeal was taken to the
city court by the plaintiff. In the city court the cause
was tried upon issue joined upon the plea of "not guilty."

P. G. Reed, the husband of the plaintiff, upon being
examined as a witness, testified that acting as the agent
of his wife ,Virginia Reed, he traded a pony which was
his wife's property, to Jack Watson, the defendant, for
a horse, and "agreed to give Jack Watson $8 as boot be-
tween the pony and the horse Jack Watson let him
have;" that the horse traded to him by Jack Watson had
a knot on his neck, and that in the trade it was agreed
that two dollars was to be deducted if such knot did not
get well in three weeks. That in the trade he acted solely
as the agent of his wife, the plaintiff, and told Watson
that he was acting as such representative of his wife;
that Watson represented the horse to be alright and
warranted him to be sound in every way, with the ex-
ception of the knot on his neck, and that he agreed to
take the horse back if he did not prove alright; that the
agreement as to the payment of the $8 as difference be-
tween the horse was reduced to writing and signed by
the witness, P. G. Reed, and its execution was attested
by two witnesses. This written agreement was intro-

[Watson v. Reed.]

duced in evidence, and was, exclusive of the signature and its attestation, in words and figures as follows:

"Birmingham, Ala., June 8th, 1898.

"Sixty days after date I promise to pay Jack Watson eight ($8.00) dollars, it being the value of the difference in a horse which the said Watson traded to me. The title of said horse is to remain in said Watson until paid for. Said horse is about 10 years old, about 16 hands high, and dark bay. The further condition is that said horse has a knot under his throat, and if said knot does not disappear in three weeks said Watson is to deduct $2.00 from the $8.00."

P. G. Reed then testified that the horse traded to him by the defendant did not prove sound, but was weak in the back and otherwise unsound and unfit for use, and that he offered to return the horse to Watson, who declined to take him, and that the horse proved useless and worthless to the plaintiff, and finally died. That the pony which belonged to the plaintiff and was traded to the defendant was worth between $30 and $40, while the horse traded to the plaintiff was not worth exceeding $15 or $20.

Virginia Reed, the plaintiff, as a witness in her own behalf, testified that she owned the pony traded to the defendant and authorized her husband to trade the pony. She also testified that the horse traded to her by the defendant was broken down and unfit for service; that she saw the defendant several times and told him that the horse he traded her was unsound, and offered the horse back and demanded the return of the pony traded to him; that the defendant came to her and said that he would let her have a cow and calf if she would pay him ten dollars, and "this would settle the whole matter;" that after looking at the cow and calf she concluded to take them; but upon offering to pay the defendant the ten dollars, he refused it and declined to let her have the cow and calf as he had agreed to do. As recited in the bill of exceptions "defendant's counsel objected to this evidence and moved to exclude the same concerning any offer by defendant of the cow and calf and ten dollars in settlement of matter, upon the following grounds:

(1.) Because it is irrelevant and immaterial; (2.) Because it was an offer of compromise, which was not consummated or agreed to by both parties. (3.) Because it alters and varies and adds to the written agreement between the parties dated June 8th, 1898." The court overruled the objection and motion, and to this ruling the defendant duly excepted.

The defendant as a witness in his own behalf testified that he traded the horse with P. G. Reed and that he did not know nor was he informed that said P. G. Reed represented Virginia Reed; that the written contract introduced in evidence was the only contract made between the parties; that at the time of making the trade he told P. G. Reed that the horse he was trading him would have to be cared for and treated, and that after P. G. Reed went to have a veterinary surgeon examine the horse, he signed the contract and traded for the horse. The defendant further testified that when he heard that Virginia Reed was complaining about her husband having traded her horse, for the purpose of a settlement of the matter, he offered to let her have a cow and a calf upon the payment of ten dollars, and that this proposition was made in order to effect a settlement of all contentions between them; but that she only offered eight dollars, and refused to give more. There were other witnesses introduced for the defendant who corroborated his testimony as to his not warranting the horse traded to P. G. Reed to be sound.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence they must find for the defendant." (2.) "If the jury believe from the evidence that the defendant never traded, sold or exchanged horses with plaintiff, Virginia Reed, then the jury must find for defendant." (4.) "If the jury believe from the evidence in this case that the instrument or agreement dated June 8th, 1898, and signed P. G. Reed, is the contract between the parties, then the jury must find for the defendant."

There were verdict and judgment in favor of the

[Watson v. Reed.]

plaintiff, assessing her damages at $28. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

JOHN H. MILLER, for appellant.—Proposition of compromise or settlement not consummated are inadmissible.—*East Tenn. V. & G. R. R. Co. v. Davis,* 91 Ala. 615; *Collier v. Coggins,* 103 Ala. 281.

The charges requested by the defendant should have been given.—Code, of 1896, § 3328; *Edgar v. State,* 43 Ala. 45; *Lyons v. Kent,* 45 Ala. 656; *Hooper v. State,* 106 Ala. 41; *Bush v. Glover,* 47 Ala. 167; *Williams v. State,* 47 Ala. 659; *Hiland v. State,* 52 Ala. 322; 3 Brick. Dig. 112, § 95; 3 Brick. Dig. 110, § 63.

J. H. MONTGOMERY and H. B. ABERNATHY, *contra.*

McCLELLAN, C. J.—The proposition of settlement made by Watson to Virginia Reed had a bearing upon the disputed question of fact as to the contract having been made with her or with P. G. Reed, and it was not open to the motion to exclude and the objection, as to being a proposition of compromise as the motion to exclude and the ground thereof were formulated by defendant.

On the testimony of P. G. Reed the contract was partly verbal and party written; verbal in its main features and written only as to the difference in supposed values of the horses exchanged, the writing being intended to secure the payment of this difference to Watson; and the paper does not purport on its face to set out the whole contract or to cover other of its terms than those bearing upon the boot Watson was to receive. On this state of case, the trial court properly refused charge 4 requested by defendant.

The evidence of P. G. Reed tended to make out a case of deceit on the part of Watson in the exchange of the horses. Hence the affirmative charge for defendant could not be given.

Charge 2 requested by defendant might have misled the jury to finding that no contract was made with the

[Wheeles v. New York Steam Dye Works.]

plaintiff from the fact that the transaction was between Watson and P. G. Reed, taking no account of the latter's alleged agency for plaintiff.

Affirmed.