[No. 9412. Department Two. August 10, 1911.]

O. B. THORGRIMSON, *Receiver etc., et al., Appellants,* v.
NORTHERN PACIFIC RAILWAY COMPANY, *Respondent.*[1]

RAILROADS—FIRES—BURDEN OF PROOF—PRESUMPTIONS—EVIDENCE—
SUFFICIENCY. While the burden of proof is probably upon a railroad
company to explain the cause of fire following the passage of an
engine, negligence cannot be presumed from the mere passage of
an engine followed by a fire; the fact of ignition being *prima facie*
evidence only when it is shown that the fire proceeded from the
engine; and a verdict for the defendant is warranted, where the
fire was not discovered until an hour after the engine had passed,
a witness testified that the engine was not throwing sparks an
unusual distance or more than usual, there was no evidence of
negligent operation or defective equipment, and the jury found for
the defendant upon the remaining issue as to negligent accumula-
tions of debris on the right of way.

Appeal from a judgment of the superior court for King
county, Main, J., entered November 4, 1910, upon the ver-
dict of a jury rendered in favor of the defendant, in an
action for damages to property by fire. Affirmed.

*Elias A. Wright* and *E. M. Farmer,* for appellants, con-
tended, among other things, that it is sufficient to establish
a *prima facie* case for the plaintiff to show that the fire was
communicated from an engine of the railroad company to his
property, resulting in the destruction thereof. *Anderson v.
Oregon R. Co.,* 45 Ore. 211, 77 Pac. 119; *Shipman v. Chicago
etc. R. Co.,* 78 Neb. 43, 110 N. W. 535; *West Side Mut. Fire
Ins. Co. v. Chicago & N. W. R. Co.* (Iowa), 95 N. W. 193;
*Spaulding v. Chicago & N. W. R. Co.,* 30 Wis. 110, 11 Am.
Rep. 550; *Green Ridge R. Co. v. Brinkman,* 64 Md. 52, 20
Atl. 1024, 54 Am. Rep. 755; *Gulf etc. R. Co. v. Benson,* 69
Tex. 407, 5 Am. St. 74; *Louisville & N. R. Co. v. Reese,* 85
Ala. 497, 5 South. 283, 7 Am. St. 66; *Bass v. Chicago, B.
& Q. R. Co.,* 28 Ill. 9, 81 Am. Dec. 254. The circumstantial

[1]Reported in 117 Pac. 406.

evidence was strong enough to make a question for the jury. *Henry v. Southern Pac. R. Co.*, 50 Cal. 176; *Butcher v. Vaca Valley etc. R. Co.*, 67 Cal. 518, 8 Pac. 174; *Missouri Pac. R. Co. v. Platzer*, 73 Texas 117, 11 S. W. 160, 15 Am. St. 771, 3 L. R. A. 639.

*C. H. Winders*, for respondent.[1]

CHADWICK, J.—This action was brought to recover damages on account of the destruction by fire of the plant of the Olympic Roofing Company. The property destroyed was about eighty feet south of the main line of the Northern Pacific main track, on what is known as its Seattle division. The plant consisted of two buildings, connected by a plank platform about twenty-four feet wide. The buildings were covered with corrugated iron. The train which is alleged to have set the fire was going up grade past the Olympic company's plant, at about eleven o'clock at night. The train was observed by only one witness, who testified that it was working hard, "about like other trains would work," on that or other similar grades. He passed the property after the train had passed him and observed no fire of any kind, although he thinks he would have done so had it then broken out. The company employed a night watchman, who was reading a magazine when the train passed. He testifies, that there was nothing that particularly attracted his attention; that the train worked as other trains worked in going over that divide; that it was customary, and it was done in this instance, to cut the train at some place above appellant's plant, and to take the train over the heavier part of the grade in sections; that this was done on the night in question; that after the train had passed, he cooked his midnight supper; that about three-quarters of an hour after the last section had gone up, and hence an hour or more after the engine had passed the plant, he noticed a light through the window of

[1]NOTE: For citations of counsel, see *Overacker v. Northern Pac. R. Co., ante* p. 491.—REP.

his cabin; that he ran out and found the platform between the two buildings ablaze. He endeavored to get in one of the buildings, but was unable to do so, and the fire passed beyond his control. From a verdict in favor of the defendant, plaintiff has appealed.

The negligence alleged in the complaint is that respondent was negligent in the maintenance of its right of way, in that debris had been allowed to accumulate thereon, and that the engine was defective and not equipped with proper spark arresters, and was negligently operated by respondent's servants. Appellants failed to make any sufficient showing of defective equipment or negligent operation to go to the jury, and these features of the case were taken from the jury by the trial judge. The jury found with respondent upon the remaining issue; that is, the alleged negligence in caring for the right of way, so that question need not be discussed.

Although the record is long and the briefs cover a wide range, we think the question for our decision is a simple one. The rule putting the burden on the railway company to explain the cause of a fire following a passing engine, to which this court is probably committed (*Overacker v. Northern Pac. R. Co., ante* p. 491, 117 Pac. 403), and which counsel relied on to carry the case to the jury on the questions of equipment and operation, is one of necessity, and is applied so that justice may not be defeated. But we know of no cases going to the extent to which counsel would have us go to sustain their contention; that is, to presume negligence from the mere passing of the train followed by a fire. It is the proof of setting the fire, and not the fact that a building adjacent to a railroad right of way was burned, that raises the inference of negligence and shifts the burden of proof. In all the cases we have examined, including those from our own court, where the burden has been shifted from plaintiff to defendant, there has been some evidence from which the jury might infer with reasonable certainty that the fire would not have occurred unless set by the passing train.

Counsel admitted on the trial, and appellants now admit, that they have no evidence other than circumstantial evidence. Negligence of the character alleged may be proved by circumstantial evidence (13 Am. & Eng. Ency. Law, 2d ed., 510), but the difficulty in this case is, that the mere fact that the building burned an hour or more after a train had passed is not a circumstance showing the negligence of respondent, but is the ultimate fact, proof of which is essential, and which, being proven, raises the question—not presumption—whether the respondent's engine was properly equipped and properly operated, a fact which the books say can be explained only by the respondent company. So long as the origin of the fire is open to doubt or speculation, there is nothing for the rule contended for by appellants to operate on. Reduced to its last terms, the rule as we extract it from the cases and as stated by Thompson in his work on Negligence, § 2292, is that "the mere fact of ignition, when it is shown to have proceeded from the locomotive, is *prima facie* evidence under the principle of *res ipsa loquitur*.". The fault in appellant's case is that it is not shown by any direct evidence that the fire proceeded from the locomotive, or that it was discovered so soon after the passing of the train as to reasonably exclude any other cause, or that the appliances were defective, or that there was negligent operation. Some one or all of these things must be shown in order to shift the burden of explanation. In *Finkelston v. Chicago, M. & St. P. R. Co.*, 94 Wis. 270, 68 N. W. 1005, the fire was discovered an hour and a half after sparks had been seen coming from an engine standing on a side track, six or seven feet from the warehouse which had been destroyed. The testimony showed that the engine was throwing sparks in unusual quantities and of unusual size. Discussing the element of time as it occurred in that case, the court said:

"Obviously, it is no objection that the origin of the fire was not established by direct evidence; but there must be some limit beyond which the main fact cannot be found from infer-

ence, else parties circumstanced like the defendant was may
be held liable for all fires, occurring in the vicinity of their
tracks, that can, by any possibility, be attributed to their
conduct, unless they are able to prove that the fires were not
so caused.   Such a rule would subject railroad companies to
such penalties as to seriously and unjustly cripple a business
essential to the public welfare.   The origin of a fire under
such circumstances must be established so as to produce con-
viction, to a reasonable certainty, on an unprejudiced mind,
the same as any other fact; and, until there is evidence to so
establish it, the defendant is not called upon to prove that the
fire was not caused as alleged.   *Flanaghan v. C. M. & St. P.
R. Co.* (Minn.), 67 N. W. Rep. 794; *Stratton v. U. P. R. Co.*
(Colo. App.) 42 Pac. Rep. 602; *Denver, T. & G. R. Co. v.
De Graff*, 2 Colo. App. 42; *Denver & R. G. R. Co. v. Morton*,
3 Colo. App. 155; *Sheldon v. H. R. R. Co.*, 29 Barb. 226."

And, after discussing the facts and the authorities, the
court said:

"After a thorough search for and examination of prece-
dents, we may safely venture the assertion that no satisfac-
tory authority can be found for carrying the inference of the
existence of facts unseen from those seen so far as would be
required to send this case to a jury."

In the case of *Sheldon v. Hudson River R. Co.*, 29 Barb.
226, the court held that it would be unreasonable to charge a
defendant with the destruction of plaintiff's property because
a locomotive, charged to be at fault, had carried fire in the
furnace, and passed within six or seven feet of the property
an hour and seventeen minutes before the smoke or flames
made their appearance.   The element of time was considered
in *Denver etc. R. Co. v. De Graff*, 2 Colo. App. 42.   The
court there said:

"The fact of the origin of the fire, like any other material
fact, should be established; and while the jury, within certain
limits, may be left to infer the fact from the circumstances
proved, such proof should be sufficient to rebut the probability
of the fire having originated in any other manner."

After discussing the cases denying that the mere fact that
a fire breaks out upon or near a right of way after a train

has passed will furnish evidence from which the jury may infer negligence, Mr. Thompson says: "These decisions are believed to be untenable;" but adds:

"While at the same time it must be conceded that the distance in point of time between the discovery of the fire and the passing of the train, and the surrounding circumstances making the conclusion of the fire having been set by some one else more or less probable, may be such as to make the evidence too remote." 2 Thompson, Negligence (2d ed.), § 2292.

We have not overlooked the contention of the appellants that there was evidence tending to show that the engine of the passing train threw sparks, and that the witness, testifying to that fact, said that they seemed to him to be "about as large as the end of my little finger." But the same witness says that the engine was not throwing more sparks than usual. That it is impossible to operate locomotives with coal or wood without throwing some sparks is not denied. It is a fact of which courts take judicial notice. The testimony when taken as a whole shows that they were not thrown an unusual distance, and that they did not set fire to the dried grass on the right of way is established by the verdict of the jury.

A point is made on the following questions and answers:

"Q. About what was the quantity of sparks, if you can judge, Mr. Henry, that was being thrown out? A. I could not say as to the quantity. Q. Could you estimate the size of them? A. Well, judging from the distance they were probably as large as the end of my little finger. Q. About how far from the main line, from the right of way, were they falling? A. Well, all the way from ten to twenty-five feet."

But the whole testimony of the witness relied upon to show that the engine was throwing sparks beyond the right of way shows that he was describing the distance from the engine, rather than from the outer limit of the right of way. It was evidently so understood by counsel on the trial, for the testimony quoted was followed by the following interrogatory: "Were any of them being thrown farther than twenty-

five feet?" This being objected to as leading, the subject was not pursued further.

We have not thought it necessary to discuss in detail the many authorities cited by counsel. There are two lines of authority, the one shifting the burden to defendant upon a *prima facie* showing; the other requiring an affirmative showing of negligence on the part of the plaintiff, and both of them are well sustained by authority. Those interested may find a complete discussion of the subject in chapter 75, 2 Thompson on Negligence; *33* Cyc. 1359 *et seq.*, and 13 Am. & Eng. Ency. Law (2d ed.), p. 498 *et seq.*

Exceptions were taken to the instructions given and refused, and other errors are assigned; but having held with the lower court and jury on the main issues, they have become immaterial.

Judgment affirmed.

DUNBAR, C. J., ELLIS, CROW, and MORRIS, JJ., concur.