[No. 15618.   Department Two.   April 6, 1920.]

## Harry D. Moore, *Respondent*, v. Stetson Machine Works, *Appellant*.[1]

Evidence (86)—Admissions—Offer of Compromise or Settlement—Admissibility. Since an offer to compromise without the admission of any fact is inadmissible, it is incompetent, in an action for personal injuries sustained in an automobile collision, to show that defendant voluntarily repaired plaintiff's car without charge, and on returning it presented and requested plaintiff to sign a release of damages; and it is immaterial that such release would have been without consideration.

Trial (35)—Objections to Evidence—Sufficiency. Objections to evidence are sufficiently specific where the court was fully advised as to the same at the time, and later specific objections were made in ample time to withdraw the evidence.

Damages (110)—Loss of Earnings—Evidence—Admissibility. In an action for personal injuries sustained in an automobile collision, evidence of the loss of new business is proper where it was an element of the damages alleged to have been suffered through loss of earnings.

Appeal from a judgment of the superior court for King county, Jurey, J., entered April 26, 1919, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries received in an automobile collision.   Reversed.

*J. Speed Smith, Henry Elliott, Jr.,* and *Jay C. Allen,* for appellant.

*M. M. Lyter* and *H. D. Moore,* for respondent.

Tolman, J.—Respondent, as plaintiff, brought this action to recover damages for personal injuries re-

[1] Reported in 188 Pac. 769.

ceived in an automobile collision. The case was tried
to a jury, which returned a verdict in favor of re-
spondent and against appellant, who brings the case
here for review on appeal. No contention is made that
the evidence was insufficient to take the case to the
jury, hence we find it necessary to state only such
facts as bear upon the errors assigned.

It is first contended that the trial court erred in
admitting evidence of an attempt to settle or compro-
mise, and in permitting respondent's counsel to argue
to the jury that appellant thereby admitted its lia-
bility. Appellant, at all times, contended that the auto-
mobile which collided with respondent's car did not
belong to it, but was owned by one George W. Stetson,
its president, and used only for his personal conve-
nience and pleasure; that, a short time before the
accident, this car had been taken to appellant's shop
to be repaired, and, at the time of the accident, was
being driven from the shop to Mr. Stetson's home by
one of appellant's workmen, partly as an accommoda-
tion to Mr. Stetson, and partly to make more room in
the shop. After the accident, appellant, without con-
sulting the respondent, or obtaining his consent, took
his car to its shop, repaired it, and sent it, by its fore-
man, to respondent's home. Respondent and one of
his witnesses were permitted to testify, over the ob-
jection of appellant, that, when the car was so brought
home, appellant's foreman presented to respondent a
form of release discharging appellant from all liability
growing out of the accident, which respondent was
requested to sign. Upon his refusal to execute the
release, the foreman took the car away with him, but
it was again returned and left with respondent a few
days later, and no charge was ever made for repairing
it. A subpœna *duces tecum* was served upon Mr.
George W. Stetson, the president of the appellant com-

pany, requiring the production of the document which respondent had been asked to sign, and this subpœna was offered in evidence and read to the jury as a basis for offering oral testimony as to the contents of the document.

"Whether an offer to compromise a claim, or to settle it by a partial or complete payment, amounts to an admission of the truth of the facts on which the claim is based and is therefore receivable in evidence, is a question which has given rise to prolonged discussion and to varied but often unsatisfactory attempts at explanation. The solution is a simple one in its principle, though elusive and indefinite in its application; it is merely this, that a concession which is hypothetical only can never be treated as an assertion representing the party's actual belief, and therefore cannot be an admission; and, conversely, an unconditional assertion is receivable, without any regard to the circumstances which accompany it." 2 Wigmore on Evidence, § 1061.

Nor does it appear, except in a very few jurisdictions, that the offer should be expressly made "without prejudice," or stated to be conditional. If it appears to have been made for the purpose of buying peace, and does not admit any fact, it is inadmissible; while, if it admits the fact upon which the liability is based, in whole or in part, no conditions therein stated would seem to affect its admissibility. Wigmore, Evidence, § 1061; Elliott, Evidence, § 240. We have examined with care the authorities cited by each party here, and find that, in the main, they divide in accordance with the rule just stated. As each case rests upon its peculiar facts, no advantage can be gained by an extended discussion of them. Among those cases holding that there was no admission of a fact, and that the compromise offer was inadmissible, are the following: *Larsen v. Sedro-Woolley*, 49 Wash. 134, 94

Pac. 938; *National Bank of Commerce v. Gougar,* 51 Wash. 204, 98 Pac. 607; *Hartwell Lumber Co. v. Bork,* 138 Ill. App. 506; *Higgins v. Shepard,* 182 Mass. 364, 65 N. E. 805; *McHenry Coal Co. v. Sneddon,* 98 Ky. 684, 34 S. W. 228; *Sterrett v. Metropolitan St. R. Co.,* 225 Mo. 99, 123 S. W. 877; *Finn v. New England Tel. & Tel. Co.,* 101 Me. 279, 64 Atl. 490; *Salter v. Rhode Island Co.,* 27 R. I. 27, 60 Atl. 588; while the following are illustrative of the rule that, if containing an admission of an independent fact, the offer is admissible: *Long v. Pierce County,* 22 Wash. 330, 61 Pac. 142; *Holt v. Great Eastern Casualty Co.* (Utah), 173 Pac. 1168; *Watson v. Reed,* 129 Ala. 388, 29 South. 837; *Hook v. Bunch,* 180 Ill. App. 39; *Kalus v. Bass,* 122 Md. 467, 89 Atl. 731, Ann. Cas. 1916A 985; *Shows v. Steiner, Lobman & Frank,* 175 Ala. 363, 57 South. 700; *Freeman v. Eldridge,* 26 Okl. 601, 110 Pac. 1057.

Any one buying his peace, when offering anything in compromise, would surely ask for a written discharge of the liability, and here there is no testimony as to anything said, and the only testimony as to what was done limits the action to the repairing of respondent's car, and the request that the release be executed. Appellant, being engaged in the repair business, might have felt it good policy to repair the car, even though satisfied that it could establish non-liability, and the act of repairing, under the conditions shown here, is not an admission of liability, or an admission that it was the owner or operator of the Peerless car which collided with respondent's machine, or that the driver of the Peerless car was at fault and respondent without fault. Neither was the presentation of the written release with request for its execution an admission of any such fact. If the driver of a car, wholly without fault in any particular, should injure a child, and call a doctor at his own expense to treat the injured one,

he would be doing only that which all would commend, and his action in so doing should not be paraded before the jury as an admission of his liability. To permit that course would be to penalize the "Good Samaritan" and to encourage the heartless to "pass by on the other side." The only case called to our attention which seems to so hold is *Langdon v. Ahrends*, 166 Iowa 636, 147 N. W. 940, and if it does so hold, we decline to follow it.

But it is contended that this request for a release is not privileged as an offer of compromise, because the repairs upon respondent's car were made voluntarily, and therefore no consideration was offered. It is true that in *Shilliam v. Newman*, 94 Wash. 637, 162 Pac. 977, and *Kennedy v. Spokane, Portland & Seattle R. Co.*, 73 Wash. 389, 132 Pac. 50, 46 L. R. A. (N. S.) 419, we held that a release executed under such circumstances was without consideration and could not be admitted on the request of the defendant to show a settlement and discharge of liability, a rule which we adhere to, and would apply here had the release been signed and its introduction sought by appellant to defeat the action. But these cases do not meet the question here presented, and are not authority for the admissibility of these particular facts as an admission of liability.

Again, it is contended that the objections to the offer of this evidence were not sufficiently specific. We have carefully read the record and are convinced that the trial court was fully advised as to the nature of the ground of the objections at the time the evidence was offered, and thereafter specific objections were made and he had ample opportunity, before respondent's case was closed, to withdraw the testimony. The full force of the error in admitting this testimony can

best be expressed by quoting from respondent's argument to the jury as follows:

"Why did they send out that release by Mr. Kummer for Mr. Moore to sign? Why did they ask Mr. Moore to sign that release to release them from the very damages we are now asking? Why, ladies and gentlemen, it is equal to a confession of liability; it is equivalent to a confession of the fault or wrong on their part; absolutely."

How far the jury was influenced by such argument we cannot tell, but it may have based its verdict entirely upon this objectionable evidence.

Since for the reasons indicated, the case must be retried, it may be well to say that we find the remaining assignments of error without merit. The evidence as to respondent's loss of new business was proper, that being an element of the damages alleged to have been suffered, and appellant was not limited thereby, but, by cross-examination and otherwise, could have covered the whole field of the loss of earnings suffered by respondent because of the injuries received. We find no error in the exclusion of evidence of which complaint is made, and after careful examination, we fail to find error in instructing the jury. The case will be reversed and remanded for a new trial.

Reversed and remanded.

HOLCOMB, C. J., BRIDGES, and MOUNT, JJ., concur.