[No. 16318.   Department Two.   September 16, 1921.]

POOLE'S SEED & IMPLEMENT COMPANY, *Respondent*, v. J. O. RUDENE, *Appellant*.

J. W. JONES, *Respondent*, v. J. O. RUDENE, *Appellant*.[1]

HIGHWAYS (53, 58)—COLLISION—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. Whether the driver of an automobile is guilty of contributory negligence in failing to slacken speed when an automobile behind is attempting to pass at the same time another car is approaching from the opposite direction, is a question for the jury, where it appears that he was going at a slow rate of speed, and expected the other car to pass.

EVIDENCE (64)—REMOTENESS. In a personal injury action, testimony as to an injury to plaintiff's back, though indefinite, is not subject to be stricken on the ground of remoteness.

APPEAL (454) — REVIEW — HARMLESS ERROR — FACTS OTHERWISE ESTABLISHED. In an action for damages for injury to an automobile as the result of a collision, testimony as to the cost of making the repairs, while incompetent, was not prejudicial where there was evidence as to the value of the car before and after the accident and this corresponded substantially to the amount of damage shown by the incompetent evidence.

EVIDENCE (86)—ADMISSION—OFFER OF COMPROMISE—IMPLIED RECOGNITION. An offer to pay the cost of repairs for injuries to an automobile, though not admissible in evidence as an offer of compromise, is admissible as impliedly recognizing the liability of the one making the offer.

HIGHWAYS (52, 59)—COLLISION—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS. In an action for damages for collision between automobiles, it is proper to instruct that, though defendant may have been guilty of negligence, if plaintiff was aware of it in time so that by ordinary care he could have avoided the effect of such

[1]Reported in 200 Pac. 1104.

negligence and did not do so, plaintiff could not recover; and that in determining whether plaintiff was negligent the jury should take into consideration the circumstances surrounding him at the time and whether he acted as an ordinarily careful person would under the circumstances.

TRIAL (118) — MISCONDUCT OF JURY — SEPARATION. Separation of the jury allowed by the court after argument of counsel and instruction by the court, but before they had retired for deliberation was not error, in view of Rem. Code, § 349.

Appeal from judgments of the superior court for Skagit county, Brawley, J., entered July 30, 1920, upon the verdict of a jury rendered in favor of the plaintiffs, in consolidated actions for personal injuries and damage to property sustained in an automobile collision. Affirmed.

*Henry Alberts McLean,* for appellant.
*Ralph Woods,* for respondents.

MAIN, J.—These two actions were consolidated in the trial court and tried as one. The plaintiff Poole's Seed & Implement Company, a corporation, was seeking damages for an injury done an automobile owned by it. The plaintiff J. W. Jones brought his action to recover for personal injuries. Both actions were based upon the charge of negligence on the part of the defendant. In his answer the defendant denied negligence on his part and pleaded affirmatively that the accident which caused the damage to the automobile and injury to Jones was the negligence of Jones himself. The cause was tried to the court and a jury, and resulted in a verdict of $129.37 on account of damages to the automobile, and $1,500 damages for personal injuries.

The defendant made a motion for judgment notwithstanding the verdict and also for new trial, both of which were overruled. Judgment was entered upon the verdicts, and the defendant appeals.

The accident out of which the cases arose occurred on the 27th of June, 1918, on the Pacific highway, between Sumner and Tacoma. The appellant was traveling upon this highway, going west in a five passenger Buick automobile. As he was proceeding, Jones turned into the same highway from a side road some distance in front of the appellant's car, and, after traveling a short distance, stopped to pick up a Japanese boy. Jones was driving a Ford truck. After making the stop, Jones started his car and shifted to a higher gear. He was proceeding on the right-hand side of the paved roadway at a speed of approximately fifteen miles an hour. An Overland car was approaching from the opposite direction. The appellant attempted to pass the Ford truck, and in the act of doing so, the right rear wheel of the Buick car struck the left front wheel of the Ford truck and caused it to leave the roadway, go into a ditch and turn over. The left-hand side of the Buick car barely touched the Overland as it passed. The roadway was not wide enough for the three cars to proceed abreast. The Overland car was traveling at approximately the rate of twenty-five miles per hour, as was also the Buick driven by the appellant. The facts thus stated are those which the jury had a right to find, even though some of them may have been in dispute.

The appellant's first point is that the trial court erred in failing to sustain his motion for judgment notwithstanding the verdict. It is clear from the evidence, and we do not understand it to be contended to the contrary, that the question as to whether the appellant was guilty of negligence under the evidence was one for the jury. If we have gathered the argument correctly, the appellant's position is that Jones was guilty of contributory negligence in failing to

slacken the speed of his Ford truck after he became aware that the Buick was attempting to pass. In support of this position, certain excerpts from Jones' testimony to the effect that he did not slow up because he did not have to, are made prominent. It is necessary, however, to take his testimony as a whole, and when it is read in its entirety it shows that at least the jury had a right to find that the reason he did not slow up was because he was going at a slow rate of speed, and that he did not realize the conditions and he estimated that the appellant would accelerate his speed and get by. Whether it was the duty, under the attendant circumstances, of Jones to slacken his speed was submitted to the jury by appropriate instructions. It cannot be said that he was guilty of contributory negligence, as a matter of law, in failing to reduce the speed of the Ford car. The question was clearly one for the jury.

The second point is that the court erred in refusing to strike the evidence relating to the injury to Jones' back, for the reason that it is too remote. The doctors whom Jones consulted after the accident and prior to the trial were called and testified. In the course of their testimony a reference was made to the injury to the back. While the evidence is somewhat indefinite, yet it was not of that remote nature which made it error for the trial court to refuse to strike it. It was proper to submit the evidence to the jury.

The next point is that the court erred in admitting in evidence the costs of repairing the car as a measure of damages. The secretary of the Poole's Seed & Implement Company testified in answer to a question, and over objection, that the cost of making the repairs was about $125. This evidence was not followed by other evidence showing that such cost was the reasonable

and ordinary value of such repairs. Subsequently another witness was called who, having qualified, testified to the value of the car before the accident and afterwards. This evidence met the requirement of the rule stated in *Alexander v. Barnes Amusement Co.,* 105 Wash. 346, 177 Pac. 786. There was no material difference between the cost of repairs as testified to and the difference in the value of the car before and after the accident. The evidence as to the cost of repairs, even though not made competent by subsequent further proof, was yet not prejudicial to the appellant in view of the other testimony which was to the same effect.

It is next claimed that the court erred in admitting in evidence certain correspondence because such correspondence showed an offer of compromise. The Poole's Seed & Implement Company wrote the appellant that to repair the Ford would cost about $125. To this the appellant replied by stating that the estimate was much higher than he had expected and enclosed a check for the sum of $60 towards the repairs. This check was returned, and further correspondence ensued. The examination of the correspondence shows that impliedly the appellant recognized his liability for the repairs. In addition to this, there was testimony that he stated after the accident that he would pay the cost of the repairs. The correspondence does not show an offer of compromise under the rules stated in *Moore v. Stetson Machine Works,* 110 Wash. 649, 188 Pac. 769, but under the rule of that case the evidence was admissible.

The next point is that the court committed error, not only in the instructions given, but in refusing certain requests. Without reviewing the instructions in detail it may be said that they have been examined

with care, both those given and the requests refused, and there was no error in this respect. The jury were correctly and fully instructed upon the issues and the facts of the case, and so far as the requested instructions correctly state applicable law, they were sufficiently covered by those given. The jury were told that, even though the appellant may have been guilty of negligence, yet if Jones was aware of such negligence in time so that by the use of ordinary care and prudence he could have avoided the effect of such negligence, and he did not do so, then such negligence on Jones' part would prevent a recovery, and further, that, in determining whether Jones was guilty of negligence, the jury should take into consideration the circumstances surrounding him at the time and require him to act as an ordinarily careful and prudent person would under the same circumstances. There was no error in the matter of the instructions.

The last point is that the trial court erred in permitting the jury to separate after they had been instructed and after the completion of the argument of counsel. The argument was completed about six o'clock in the evening on the last day of the trial. The jury were by the court permitted to separate and return the following morning at nine o'clock. The statute (Rem. 1915 Code, § 349; P. C. § 8513), provides:

"After hearing the charge, the jury may either decide in the jury-box or retire for deliberation. If they retire they must be kept together in a room provided for them, or some other convenient place under the charge of one or more officers, until they agree upon their verdict, or are discharged by the court."

By this statute it will be noted that, after the jury "retire", they must be kept together, as therein provided. In this case the court did not finally submit

the case to the jury until the following morning, and it was then that they retired to consider their verdict, and not on the prior evening.

The judgments will be affirmed.

Parker, C. J., Fullerton, and Tolman, JJ., concur.