[No. 22483.  Department One.  January 7, 1931.]

Con H. Eckhardt, *Appellant*, v. Carl Harder *et al.,*
*Respondents.*[1]

*W. W. Zent,* for appellant.

*Richard B. Ott,* for respondents.

Main, J.—This action was brought to foreclose a lien for labor and material furnished in the construction of a dwelling house.  The defendants resisted the foreclosure, and affirmatively sought damages because the house was not substantially constructed in the manner required by the contract.  The cause was tried to the court without a jury, and resulted in a judgment

[1]Reported in 294 Pac. 981.

in favor of the defendants in the sum of two hundred forty dollars, from which the plaintiff appeals.

The facts are these: The respondents Carl Harder and wife (who will be referred to as though they were the only respondents) were the owners of a farm in Adams county. The appellant was engaged in the contracting business. About December 1, 1927, the respondents entered into a contract with the appellant, by which he was to construct for them a one-story six-room dwelling house for the sum of $5,360. The house admittedly was to be constructed in a first-class workmanlike manner. The respondents were to do the excavating for the basement, supply the sand, and haul the material. All other things were to be done by the appellant.

Soon after making the contract, its performance was entered upon, and about March, 1928, the respondents moved into the house, though it was not at that time entirely complete. The last work was done in October, 1928, and at that time the respondents paid the appellant two thousand dollars on the contract price, leaving a balance of three hundred sixty dollars. At about the time, or shortly after, the two thousand dollars was paid, the east side of the house began to settle, due to the sinking of the concrete wall on that side of the house. The wall had cracked, and, the footing not being sufficient, due to the character of the soil on the east side, the house settled. There were also cracks in the hardwood floor of sufficient size in which to roll a dollar. The windows had not been properly installed, and the roof was sagging, owing to insufficient bracing. There were some other particulars in which it was claimed that the house as constructed did not conform to the contract, but the defects mentioned are the ones around which the controversy principally revolves. Some time after this,

the parties made an ineffectual effort to settle as to the balance due, and the respondents offered to pay the sum of one hundred eighty dollars, which was refused by the appellant.

There was no written contract, nor were there any written specifications agreed upon by the parties other than a pencil sketch of the floor plan. In many particulars the testimony is in conflict, and we see little in this case but questions of fact. If the house was to be constructed in a first-class workmanlike manner, and it had the defects above mentioned, and we think the evidence unquestionably shows that it had such defects, then it was not completed in substantially the manner required by the contract. If it was not completed in substantially the manner required by the contract, the respondents were entitled to damages in a sum equal to the difference between the value of the building as completed and its value had it been completed in the manner provided by the contract.

This case is very like the case of *White v. Mitchell*, 123 Wash. 630, 213 Pac. 10. In that case there was a contract to build a house, which was not completed in substantially the manner provided for. Damages were sought for failure to complete the house in accordance with the contract. After citing authorities, it was there said:

"Under the doctrine of these cases, and others like them which might be cited, it was the duty of the respondents to construct the house in accordance with the plans and specifications, and they cannot be excused therefrom because of defects in the soil or unfavorable weather conditions. It was their duty to so construct the foundation wall as that it would be level, or reasonably so, and to so construct the girders and the post on which they rested as that they would support the building and not permit it to sag, and the soft

condition of the earth in the basement because of the water standing there could not relieve them from that duty. So, also, if the water in the basement caused the finishing work to be unreasonably damaged and injured, it was their duty to remedy that condition and remove the water by drainage or otherwise. Plainly, this house is far from being what it was contemplated by the parties it would be. . . .

"Generally, where there has not been such substantial performance, the measure of the owners' damage is the difference between the value of the building as constructed and its value had it been constructed in accordance with the contract. Such a recovery would be just to both parties. It is manifest that to measure the owner's damage by the cost necessary to make the building conform to the contract would often be an injustice, because in many instances such cost would amount to almost as much as the original contract price.

"There appears to be some confusion in the authorities on this question, but the correct rule, we think, is laid down in vol. 28 R. C. L., page 706, where it is said:

" 'It may therefore be stated as a general rule that where a building contractor has substantially performed his contract, he may ordinarily recover the contract price, less a deduction to reimburse or compensate the owner for his failure fully to complete his contract. So, where the defects or omissions are of such a character as to be capable of being remedied, the proper rule for measuring the amount recoverable by the contractor is the contract price, less the reasonable cost of remedying the defects or omissions, so as to make the building conform to the contract, unless other legal damages are suffered, if any. . . . Where the defect is so serious as not to be susceptible of remedy without depriving the contractor of adequate compensation for his labor and material, his measure of recovery is the contract price less the difference between the value of the building as completed and the building as it should have been completed.'

"While this rule is given as applicable to the builder, it is, upon reason, also applicable to the owner."

■ It is said, however, that in the present case the respondents should not be entitled to recover because they had moved into the house and accepted it as constructed, but this contention cannot be sustained. In 6 R. C. L., p. 992, it is said:

"But it may often happen that a building or structure contains a latent defect that the owner cannot reasonably discover at the time he takes possession. For instance, the material of which it is constructed may be of an inferior quality, or the work may have been so imperfectly done as to render the building or structure of little use or slight value, or so that it may fall, and thereby cause great damage to the owner. In such case the owner, although having paid for the building, would be entitled to recover damages for breach of the contract at such time as he discovers the extent of the defects or after he has had reasonable time and opportunity, by due diligence, to have discovered the same."

■ It is further contended that the evidence in the case does not sustain the holding of the trial court that the respondents were damaged in the sum of six hundred dollars. Upon the trial, three witnesses testified as to the difference in the value of the building as constructed and what its value would have been had it been constructed in accordance with the contract, and the amount determ̃' .ed by the trial court is well within the testimony c these witnesses.

■ Finally, it is said that the offer of the respondents to pay one hundred eighty dollars was an admission of liability to that extent, and not an offer of settlement or compromise, but the testimony will not sustain the position of the appellant on this question. The law favors the settlement of controversies out of court, and for this reason a person is entitled to "buy

his peace" or endeavor to do so without danger of being prejudiced in case his efforts should fail. 22 Corpus Juris 308.

The judgment will be affirmed.

MITCHELL, C. J., TOLMAN, HOLCOMB, and PARKER, JJ., concur.