[No. 24164. *En Banc.* December 21, 1933.]

SVEA FIRE & LIFE INSURANCE COMPANY, *Respondent*, v.
SPOKANE, PORTLAND & SEATTLE RAILWAY
COMPANY, *Appellant*.[1]

*Cannon, McKevitt & Fraser, Carey, Hart, Spencer & McCulloch, Charles A. Hart,* and *Philip Chipman,* for appellant.

*Graves, Kizer & Graves,* for respondent.

BEALS, C. J.—During the month of August, 1928, Northwestern and Pacific Hypotheekbank was the owner of a farm in Adams county which was then under lease to C. C. Phillips, who had raised his year's crop of hay and grain. The railroad of defendant, Spokane, Portland & Seattle Railway Company, runs

[1] Reported in 28 P. (2d) 266.

approximately a mile and a half from the ranch and is separated therefrom by a high ridge. A state highway parallels the railroad right of way on the side farthest from the ranch property.

During the early afternoon of August 11, a considerable portion of the property occupied by Mr. Phillips was burned over. Plaintiff, Svea Fire & Life Insurance Company, had written a policy of fire insurance covering the farm produce, and thereafter paid something over one thousand, five hundred dollars, the full amount due under its policy, on account of the property destroyed, taking an assignment of any claim which might exist in his favor against defendant. Thereafter, Mr. Phillips, claiming that his total loss amounted to over two thousand, four hundred dollars, presented to defendant a claim for approximately nine hundred dollars, being the balance which he claimed on account of the destruction of the crop after deducting from his total damage the amount paid by the insurance company. After some negotiation, the railroad company paid Mr. Phillips and the owner of the land six hundred dollars in full settlement of the claim.

Thereafter, plaintiff, under its assignment, instituted this action against defendant, claiming that one of defendant's engines had started the fire and that defendant was responsible therefor. Issues were made up, and the action tried to a jury, which returned a verdict in plaintiff's favor. Defendant's motion for judgment in its favor notwithstanding the verdict or in the alternative for a new trial having been denied, judgment was entered upon the verdict, from which judgment defendant appeals.

Appellant assigns error upon the denial of its motion for a nonsuit made at the close of respondent's case, upon the denial of its motion for a directed verdict, upon the overruling of its motion for judgment in

its favor notwithstanding the verdict and its motion for a new trial, and upon the entry of judgment in respondent's favor. Appellant also contends that the trial court erred in admitting, over its objections, certain evidence offered by respondent, in giving to the jury one instruction to which appellant excepted, and in submitting to the jury a special interrogatory.

No one saw the fire start. On the afternoon of the fire, a high wind was blowing from the south or southwest, which would carry a fire from the right of way over the ridge toward the Phillips farm. There is testimony in the record that the burned area touched the railroad right of way at two points, from which it extended in a V shape in the direction of, and over, the farm in question. It appears that there was dry grass on the right of way several inches in height, and that the ground between the right of way and the farm was covered with dry grass which would burn very rapidly. It was stipulated that Mr. Phillips, who did not attend the trial, would, if present, testify that, at about two o'clock on the afternoon of the fire, he saw smoke coming from the direction of the tracks toward his farm, and that, about fifteen or twenty minutes later, the fire, driven by the high wind, appeared over the range of hills between the farm and the railroad and occasioned the damage which is the subject matter of this action.

Mr. Phillips made no survey of the burned area, did not see the fire start, nor did he know what occasioned the same. His ranch is so situated that he could not therefrom see anything between the railway track and the summit of the range of hills lying between himself and the railroad. He saw no train of appellant on the day of the fire.

From appellant's evidence, it appeared that one of its trains, hauled by an oil-burning engine, passed the

farm at about fifteen minutes after two o'clock. Another train had passed at approximately eleven o'clock in the morning.

Appellant argues that the record contains no evidence sufficient to take to the jury the primary question of its responsibility for the fire.

Respondent was not required to introduce direct evidence that the fire originated on the railroad right of way. *McCann v. Chicago, M. & P. S. R. Co.,* 91 Wash. 626, 158 Pac. 243; *Overcracker v. Northern Pac. R. Co.,* 64 Wash. 491, 117 Pac. 403.

Mr. Phillips' testimony as to the time of the fire did not purport to fix the exact minute when he first saw the smoke. He simply said he observed the smoke "about two o'clock." This testimony, under all the circumstances, brings the occurrence near enough in point of time to the passing of appellant's train to carry the question of appellant's responsibility to the jury. The cases of *General Insurance Co. of America v. Northern Pac. R. Co.,* 280 U. S. 72, and *Thorgrimson v. Northern Pac. R. Co.,* 64 Wash. 500, 117 Pac. 406, cited by appellant, are not authority for holding, as matter of law, that respondent failed to make a case upon which the jury should pass.

The trial court, over appellant's objection, admitted evidence concerning the payment made by appellant to Mr. Phillips in settlement of his claim.

It appears that, a short time after the loss, the manager of Mr. Phillips' lessor wrote appellant, stating that, on "August 11th, one of your trains started a fire east of Washtucna which burned over section 29-15-37." The letter further stated that the burned property had been insured, but that a claim was presented against appellant as stated in the letter, and that "we are making a claim to you for the following loss." In a short time, appellant's claim agent, to

whom the letter had been referred, called on the writer at his office. The representative of the owner of the land, who testified on the trial, stated that he did not recall that appellant's claim agent made any claim that the railroad had not started the fire or was not responsible for it. He further stated that there was some negotiation as to the amounts which appellant would pay on account of the different items of alleged damage, and that "the only disputes were about the amounts per item, per acre, or for posts or for anything else." It appears that the claim agent offered to settle for $557.85, but finally agreed to pay six hundred dollars, which offer was accepted. It does not appear that any agent of appellant ever, either in writing or by word of mouth, expressly admitted or denied appellant's liability.

The question of the admissibility of the evidence concerning the negotiations leading up to this settlement and the fact of settlement is a close one, but a scrutiny thereof convinces us that the testimony was not admissible. In the case of *Moore v. Stetson Machine Works,* 110 Wash. 649, 188 Pac. 769, we held that an offer to settle or compromise a claim, even if not made expressly without prejudice, is admissible in evidence in a subsequent suit on the claim only if it appears that in making the offer the party sought to be charged admitted the fact on which his liability is based, in whole or in part. A similar rule was laid down in the case of *Eckhardt v. Harder,* 160 Wash. 207, 294 Pac. 981.

In the case of *Poole's Seed & Implement Co. v. Rudene,* 117 Wash. 150, 200 Pac. 1104, it appeared that an offer of compromise was contained in a series of letters which passed between the parties to the controversy and which are not quoted in the opinion. The court found that, in the course of the correspondence,

it clearly appeared that the party sought to be charged impliedly admitted his responsibility.

The general rule is that offers of compromise are not admissible in evidence as admissions against the interest of the party making them. 22 C. J. 308. Compromises are favored in law, and the parties to a controversy who, in good faith, endeavor to adjust the same should not be penalized by having their praiseworthy efforts later used against them to their detriment. The rule is clearly stated in the case of *Moore v. Stetson Machine Works, supra.*

Respondent cites authorities which support its contention that the testimony concerning the compromise was admissible, but we are satisfied that, under the better considered authorities, and following the rule laid down by this court, the trial court erred in admitting the evidence complained of.

For this error, the judgment appealed from is reversed, with directions to the trial court to grant appellant's motion for a new trial.

BLAKE, GERAGHTY, MITCHELL, and MAIN, JJ., concur.

MILLARD, J. (dissenting)—I dissent.

C. C. Phillips owned farm land in Adams county adjacent to the right of way of the defendant railway company. Hay and grain, of the asserted value of $2,152.22, on that farm were destroyed in the early afternoon of August 11, 1928, by a fire which, it is alleged, originated on the defendant's right of way and was communicated, by the negligence of the defendant, to the lands of Phillips. In satisfaction of a policy of insurance theretofore issued by plaintiff insurance company to Phillips, the insurer paid $1,543.13 to Phillips, who assigned to the plaintiff his claim for damages against those responsible for the fire. After the receipt of the insurance money and prior to the

commencement of this action, Phillips made a claim for $940.97 against the defendant railway company. The negotiations of Phillips and the railway company culminated in a compromise agreement under which Phillips received six hundred dollars from the railway company in full settlement of his claim.

On the theory that the fire was caused by the defendant's negligence (the only issue was whether the fire was caused by the negligence of the defendant), the plaintiff insurance company instituted this action to compel the defendant to reimburse the plaintiff for the amount paid to Phillips, by plaintiff, on the insurance policy. The trial of the cause to a jury (motion, at close of plaintiff's case, for dismissal of the action was denied) resulted in a verdict in favor of the plaintiff. From judgment entered on the verdict, motions for judgment notwithstanding the verdict and for a new trial having been overruled, defendant appealed.

Counsel for appellant contended in the trial court and insist on appeal that, unless the evidence of the settlement made by appellant with Phillips (owner of the property) be considered as an admission of liability, there was no showing that appellant was responsible for the origin of the fire; that the testimony relating to appellant's offer of compromise was inadmissible; and that the trial court erred in submitting to the jury the question whether the appellant's settlement with Phillips was or was not made on the faith of a compromise. The trial court was of the view that, unless the jury found that appellant's settlement with Phillips was an admission of liability, there was no basis for a recovery by the respondent. On that theory, the cause was submitted to the jury. The court said:

"I admit, gentlemen, that it is to me a very close question. Frankly I am of the opinion that there must be some showing of a passing train. But I think I will let this case go to the jury on this theory: I am going to leave it to the jury as a question of fact to determine whether or not this was a compromise or an admission of liability and submit to them a special interrogatory. If they find that it was a compromise, then, of course, they could not consider that evidence as an admission of liability of negligence on the part of the company. Then I think that there should be no ground on which recovery could rest, and I undoubtedly would grant a motion for judgment. notwithstanding the verdict. That is the way I feel about it now, but if the jury should say that this settlement was not a compromise but an admission of negligence, then I think I would permit a verdict to stand and let the supreme court settle it."

Appellant's offer of compromise and settlement was not admissible in evidence. A few days after the fire, the general manager of Phillips' lessor advised the appellant's claim agent, by letter, that one of appellant's "trains started a fire" which burned over Phillips' land and destroyed grain, etc., of the value of $940.97 and that "we are making a claim to you for the following loss." Then followed a list of items lost, statement of urgency of the matter and request for prompt attention by appellant. Shortly thereafter, the appellant's claim agent, in response to that letter, called in person at the writer's office in Spokane. The general manager of Phillips' lessor testified that he did not recall that the claim agent made "any claim that the railroad had not started the fire or was not liable for it;" that there was some dickering as to the amounts the appellant should pay for the pasture, feed, posts and sacks; that "the only disputes were about the amounts per item, per acre, or for posts or for

anything else.'' The claim agent agreed to settle for $557.85, but finally acceded to and paid the demand of Phillips' lessor for six hundred dollars. Appellant's agent did not at any time, in writing or orally, admit or deny the liability of the appellant. That the appellant did not deny liability, is not determinative of the question whether the offer to compromise the claim was admissible in evidence. That appellant offered to pay six hundred dollars was not an admission of liability to that extent.

Did appellant expressly or impliedly admit any fact upon which the liability was based? The record before us answers that query in the negative, and brings this case within the rule enunciated in *Moore v. Stetson Machine Works,* 110 Wash. 649, 188 Pac. 769, that an offer to settle or compromise a claim, even if not made without prejudice, is admissible in a subsequent action on the claim only if the party making the offer thereby admitted a fact which affected his liability. See, also, *Eckhardt v. Harder,* 160 Wash. 207, 294 Pac. 981.

*Poole's Seed & Implement Co. v. Rudene,* 117 Wash. 150, 200 Pac. 1104, is not in point. In that case, the offer of compromise was composed of letters, which are not quoted in the opinion, exchanged between the respondent and appellant. In that correspondence, it clearly appeared that impliedly the appellant recognized his liability.

There was no evidence, in the absence of the offer of compromise, upon which to submit to the jury the question whether the appellant's negligence caused the fire. The farm of Phillips was about one and one-half miles from appellant's railroad. Between the farm and the railroad right of way is a steep hill. There were no eyewitnesses to the fire; that is, no one saw

the fire start. No witness explained how the fire started.

At the time of the fire, a high wind was blowing from the south to the southwest (or from the railroad right of way towards Phillips' farm). Smoke was first noticed on the day of the fire, in the direction of the railroad at 2:00 p. m. or a little before. By 2:15 p. m. the place was blazing. That is, under the evidence, the fire originated on the appellant's right of way at 2:00 p. m., or prior to that time, and by 2:15 p. m. the farm property was burning. All of appellant's engines on that line of road on that date burned oil, but engines of another railroad company, which used the same tracks, burned coal. No train of appellant passed the supposed point of origin of the fire between 10:42 a. m. and 2:15 p. m.

Respondent's adjuster testified as follows: He made an investigation six or eight days after the fire. The burn which destroyed the property of Phillips came down to the railroad right of way at two points. The ground between the right of way and the farm was dry and inflammable. The grass remaining on the right of way was half way to his knees and the same height as the unburned grass in the adjacent fields. He saw coal cinders for a distance of fifty to sixty feet beyond the right-of-way fence.

Respondent did no more than prove that a fire originated on the appellant's right of way a few minutes prior to the arrival of appellant's train drawn by an oil-burning locomotive. By the time the train arrived at the point of origin of the fire, which it is claimed was communicated to Phillips' farm, that fire had already spread over the farm. There was no direct evidence that the fire proceeded from appellant's locomotive, or that the fire was discovered so soon

after the passing of appellant's train as to reasonably exclude any other cause for the conflagration. There was no evidence that sparks were thrown from appellant's locomotive, or that there was negligent operation of the locomotive in any manner.

There must be shown more than the mere passing of a train and the mere possibility that an engine drawing that train started the fire to establish responsibility of a railroad company for the origin of a fire which consumes property adjacent to the right of way of such railroad company. *General Insurance Co. v. Northern Pacific Ry. Co.*, 280 U. S. 72; *Thorgrimson v. Northern Pacific Ry. Co.*, 64 Wash. 500, 117 Pac. 406.

The judgment should be reversed, and the cause remanded with direction to dismiss the action.

TOLMAN, J. (dissenting)—Where, as here, one is directly charged with a negligent act and in response thereto, without replying to the charge in any way, proceeds to negotiate a settlement with the injured party, a situation is presented which, in my judgment, should be submitted to the jury.

In very many cases, both civil and criminal, the courts have uniformly held that evidence is admissible which shows that one directly charged with an act under circumstances calling for a denial if he be innocent, has failed to answer the charge, upon the theory that, because of such failure, an inference of guilt may properly be drawn by the jury.

The situation here is entirely different from that shown in the case of *Moore v. Stetson Machine Works*, 110 Wash. 649, 188 Pac. 769. There, no charge of negligence was made, and there was no occasion for a denial. Here, by the letter referred to by the majority, a direct charge of negligence was made, and the trial court correctly permitted the jury to consider that

charge and the failure to deny it as tending to show an admission of liability.

In my opinion, the judgment should be affirmed.

STEINERT, J., concurs with TOLMAN, J.

HOLCOMB, J. (dissenting)—I concur with the dissent of Judge Tolman, but have additional reasons.

In the *Overacker* case, cited by the majority, we explicitly approved a decision in *Minneapolis Sash & Door Co. v. Great Northern R. Co.*, 83 Minn. 370, 86 N. W. 451, which held:

"Where a train passing through the open country is followed in close proximity of time thereafter by a fire which starts up near its right of way, by a reasonable process of induction based upon the physical facts, all other causes of the fire might be excluded, and an inference justified that the fire was dropped from the smokestack."

In the *McCann* case, cited by the majority, we upheld a recovery, among other things, saying:

"Plaintiffs show a fire on defendants' land early in the afternoon, one arising on their own land a few hours later, a strong wind from the former in the direction of the latter, and continuous scars of devastation, both directly and indirectly, between the two places. . . . Here, then, was the province of the jury." *McCann v. C. M. & P. S. R. Co.*, 91 Wash. 626, 158 Pac. 243.

Here, also, was "the province of the jury."

On the strength of our own cases, the circumstantial evidence as to negligence was for the jury to determine, and the verdict and judgment should be affirmed.