**FRANCISCO A. SABLAN, Defendant-Appellant**

v.

**THE PEOPLE OF THE TERRITORY OF GUAM,**
**Plaintiff-Appellee**

Criminal No. 76-05A

District Court of Guam

Appellate Division

March 3, 1978

Before DUENAS, SMITH and WONG, *District Judges*

SMITH, *District Judge*

## OPINION

Defendant, Francisco Sablan (Francisco), with two accomplices, participated in an armed robbery. He was convicted of first degree murder, burglary, and assault with a deadly weapon. He was sentenced on these crimes to life, 15, and 10 years, respectively, all sentences to run concurrently. The evidence indicates that Francisco was the driver of the "get-away" car. His accomplices, David R. Sablan and Frankie Q. Aguon, entered the victim's dwelling, and Aguon fired the shots that killed Joseph G. Sablan and wounded a baby, Laura Jean Sablan.

The law of Guam provides:

Guam Penal Code § 189. *Degrees of Murder.*

All murder which is perpetrated by means of poison, or lying in wait, torture or by any other kind of willful, deliberate and premeditated killing; or which is committed in the perpetration or attempt to perpetrate arson, rape, robbery, burglary, mayhem or kidnapping is murder of the first degree; and all other kinds of murder are of the second degree.

Guam Penal Code § 190. *Punishment for Murder.*

Every person guilty of murder in the first degree shall suffer confinement in prison for life; and every person guilty of murder in the second degree is punishable by imprisonment from 5 years to life.

Francisco contends that this mandatory life sentence, as applied to one in his situation, constitutes cruel

and unusual punishment. The Court of Appeals for the Ninth Circuit, in a recent case, considered the question and held the Guam statute applied here to be constitutional. *Guam v. Root*, 524 F.2d 195 (9th Cir. 1975), cert. denied, 423 U.S. 1076 (1976). Defendant cites cases to the contrary and law review articles which are critical, but the rule established by *Guam v. Root* governs. Neither the cases of *Gregg v. Georgia*, 428 U.S. 153 (1976), and *Furman v. Georgia*, 408 U.S. 238 (1972), which deal with the death penalty, nor the language in them, in our opinion, warrant a conclusion that *Guam v. Root* is not now controlling in the Ninth Circuit.

Aguon, who fired the fatal shots, was, by virtue of a plea bargain made after Francisco's conviction, permitted to plead guilty to second degree murder and was sentenced to 20 years.

It is now argued that it has been judicially determined that the underlying crime was murder in the second degree; that, hence, Francisco could not be guilty of first degree murder; and that, in any event, the judgments are inconsistent. The fact is that there was a burglary in which Francisco participated, a person was killed in the course of the burglary, and Francisco was guilty of a felony murder. The apparent inconsistency lies in the treatment of Aguon. That treatment was not the result of the law operating upon a given set of facts. It was the result of a compromise. In plea bargaining, a plea, illogical in view of the facts, may be accepted in order to close a case without a trial.[1] It is recognized that the punishments imposed as a result of plea bargaining justifiably may be less than those imposed where the trial process is allowed to run its full

---

[1] "Charge and sentence concessions may be utilized to aid in ensuring the prompt and certain application of correctional measures to the defendant for rehabilitative purposes." *Kansas v. Byrd*, 203 Kan. 45, 453 P.2d 22, 28 (1969).

course.[2] For that reason alone, a sentence imposed as a result of a plea bargain cannot be compared with a sentence imposed as a result of a trial and a finding of guilty.

The judgments of conviction are affirmed.

---

[2] See Fed. R. Crim. P. 11 (Advisory Comm. Note to 1974 Amendment). Traditionally, in civil cases, the courts have been wary of admitting offers of compromise for the purpose of proving that a person did or did not do a given act. A party making an offer may do no more than make an offer to buy peace. *Moore v. Stetson Machine Works*, 110 Wash. 649, 188 P. 769 (1920); 2 Wigmore on Evidence § 1061 (2d ed. 1923). The state, in view of the necessity of disposing of criminal cases other than by trial (see Advisory Comm. Note, supra), does not, by accepting a plea to a lesser offense, admit (except for the purposes of the instant case) that a more serious offense was not committed; nor does a judge, in approving such a concession, adjudicate (except for purposes of the instant case) the degree of crime of which the defendant was actually guilty.